Submitted October 28, affirmed December 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM EDWARD WASYLUK, II,
*Defendant-Appellant.*

Douglas County Circuit Court
12CR0370FE; A155137

363 P3d 519

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Defendant appeals a judgment convicting him of two counts of strangulation constituting domestic violence, ORS 163.187. He argues that the trial court abused its discretion when it decided to give the jury cautionary instructions, rather than grant defendant's motion for a mistrial, after the prosecutor repeatedly used the phrases, "I think" and "I believe" when arguing the case to the jury. We conclude that the trial court did not abuse its discretion in denying the motion for mistrial and, accordingly, affirm.[1] We write primarily to point out the trial court's careful and attentive response to defendant's concern that the comments could deny him a fair trial.

We review the trial court's decision to deny a mistrial for an abuse of discretion. *State v. Voits*, 186 Or App 643, 663, 64 P3d 1156, *rev den*, 336 Or 17 (2003), *cert den*, 541 US 908 (2004). When, as here, the motion is based on the prosecutor's comments to the jury, "'we will not find an abuse of discretion in the trial court's denial of the motion for a mistrial unless the effect of the prosecutor's remarks is to deny a defendant a fair trial.'" *Id.* (quoting *State v. Smith*, 310 Or 1, 24, 791 P2d 836 (1990)).

During the state's opening statement, and continuing with closing argument and rebuttal closing argument, the prosecutor frequently used the expressions "I think" and "I believe" when describing the evidence. Defense counsel repeatedly objected, articulating that the prosecutor's "personal beliefs are no part of this case." The response of both the court and prosecutor confirmed the validity of the defense objections; each objection was either sustained by the court or prompted the prosecutor to immediately withdraw and rephrase the comment. In addition to sustaining the objections, the court "remind[ed] the jury that arguments [of] both sides are not evidence, they're argument"

---

[1] Defendant also assigns error to the court's refusal to give Uniform Criminal Jury Instruction 1030, the so-called "Less Satisfactory Evidence" instruction. Defendant did not demonstrate that the trial court abused its discretion when it declined to give the requested instruction, and we reject that assignment of error without further written discussion. *State v. Hendershott*, 131 Or App 531, 535-36, 887 P2d 351 (1994), *rev den*, 320 Or 587 (1995).

and advised the prosecutor to use the phrase "I submit or something like that as opposed to I believe or I think so."

During the prosecutor's rebuttal closing argument, after the prosecutor again started to use the expression "I don't think" to describe witness testimony, defense counsel asked the court to excuse the jury and then argued for a mistrial. After allowing both sides a full opportunity to argue the issue, the trial court denied the motion for mistrial but gave another, very specific instruction that the jury should not consider the "thoughts" or "belief" of the prosecutor. The court explained that it believed that the objectionable language was "inadvertent"[2] and that the comments were not made "in the pure sense of his vouching for testimony or assessing strength of testimony" but primarily in terms of "what the evidence did or did not show."

When the jury returned to the courtroom, the court explicitly admonished the jury that the prosecutor's references to what he "thinks" or "believes" are not to be considered:

"I want to be very direct in terms of the prosecutor, in terms of any indications about his thoughts or his belief, those are not properly brought in terms of personal arguments to you. So I do not want you to consider a thought or belief or what I think or words to that effect to be considered by you in any way, shape or form[.]"

Defendant argues that the trial court's response was inadequate—that the prosecutor's comments required the court to grant a mistrial. Defendant relies on *State v. Parker*, 235 Or 366, 384 P2d 986 (1963), and *State v. Cheney*, 171 Or App 401, 16 P3d 1164 (2000), *rev den*, 332 Or 316 (2001), to support his argument that the prosecutor's comments represent improper vouching and denied him a fair trial. In *Parker*, the Supreme Court explained,

"It is improper for counsel to interject his personal appraisal of the witnesses' credibility in a way which would

---

[2] The prosecutor represented, "I'm not trying to interject my personal opinion. I'm merely preferencing my sentences. And I do apologize. This is my first felony trial. I am trying to articulate some fairly complex responses to arguments that were raised in defense and I certainly mean no disrespect to the Defendant's Constitutional rights."

> suggest to the jury that the appraisal is based upon coun-
> sel's own knowledge of facts not introduced into evidence.
> *** The rule is sometimes stated more broadly, making
> improper any comment by counsel upon the credibility of
> his witnesses."

*Id.* at 377-78 (footnotes omitted). Similarly, in *Cheney*, this court "emphasize[d] that we do not endorse or condone the prosecutor's 'vouching' remarks" because they "went well beyond the bounds of proper argument." 171 Or App at 410. Despite the admonition against improper argument, how-ever, neither opinion concluded that the prosecutor's com-ments required the court to grant a mistrial. *Parker*, 235 Or at 378; *Cheney*, 171 Or App at 412. And neither *Parker* nor *Cheney* supports defendant's argument that the court in this case was required to grant a mistrial.

The trial court properly exercised its discretion to deny a mistrial, here. First, the record supports the trial court's assessment that the prosecutor's comments were unintentional. For example, the prosecutor repeatedly with-drew his comments and apologized for his phrasing. In the comment that ultimately prompted the defense request for a mistrial, the prosecutor stopped himself before defense coun-sel objected, "[I]f you heard him talk about what happened that particular night *I don't think* he ever test—excuse me." (Emphasis added.)

The state argues that, in most of the comments that defendant cites as improper, the prosecutor used the phrases "I think" and "I believe" as his manner of prefac-ing references to "inferences that the jury could reasonably draw from the record." This is a plausible interpretation. For example, the prosecutor told the jury in opening statement, "I believe at the end of this case given [various evidence] *** that you'll be able to prove—that I will be able to prove beyond a reasonable doubt that the defendant committed two separate incidences of felony strangulation ***." In clos-ing argument, when emphasizing the inferences that could be drawn from the victim's statement that she experienced breathing difficulty from the pressure of defendant's hands on her throat, the prosecutor told the jury, "I believe which I think is an indication her blood flow was affected by that

action." On a couple of occasions, the prosecutor may have been about to express his belief about the credibility of particular testimony, but prompt objection from defense counsel prevented the prosecutor from completing his comment.

Moreover, the careful response of the court and of both counsel made it clear to the jury that the prosecutor's comments were not intended to be—and should not be considered by the jury as—an indication of the prosecutor's personal opinion about the evidence.

Under the circumstances, the court did not abuse its discretion by denying defendant's motion for a mistrial.

Affirmed.