Argued and submitted March 5, 2018, affirmed April 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ORLANDO LEE POUNCEY,
*Defendant-Appellant.*

Washington County Circuit Court
C150290CR; A162761

464 P3d 448

On appeal, defendant argues that the trial court erred by (1) denying his motion for mistrial following the prosecutor's closing remarks that the presumption of innocence was "no more" and (2) applying the firearm minimum sentence required by ORS 161.610(4) to a conviction other than the first one for which he was sentenced. *Held*: (1) Defendant's mistrial motion was timely and, therefore, preserved for appellate review; on the merits, however, the trial court did not abuse its discretion in denying that motion. (2) The case law regarding ORS 161.610(4) does not provide that, in a single case involving multiple firearm offenses, the firearm minimum sentence must be imposed on the first conviction for which a defendant is sentenced.

Affirmed.

Andrew Erwin, Judge.

Eric Johansen, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Orlando Lee Pouncey filed the supplemental brief *pro se*.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.*

ORTEGA, P. J.

Affirmed.

_____
* Egan, C. J., *vice* Garrett, J. pro tempore.

**ORTEGA, P. J.**

Defendant was convicted of murder with a firearm; unlawful use of a weapon with a firearm (UUW-firearm); and felon in possession of a firearm with a firearm (FIP-firearm). Challenging his convictions and sentences on appeal, defendant argues, *inter alia*, that the trial court erred by (1) denying his motion for mistrial following the prosecutor's remarks in closing that the presumption of innocence was "no more" and (2) applying the firearm minimum sentence required by ORS 161.610(4) to a conviction other than the first one for which he was sentenced (FIP-firearm instead of murder). First, we conclude that defendant's mistrial motion was timely and, therefore, preserved for our review; on the merits, however, the trial court did not abuse its discretion in denying that motion. Second, we conclude that the case law regarding ORS 161.610(4) does not provide—as defendant posits—that, in a single case involving multiple firearm offenses, the firearm minimum sentence must be imposed on the first conviction for which a defendant is sentenced. Finally, we reject without discussion defendant's remaining assignments of error and affirm.

The relevant facts are procedural and undisputed. The statement giving rise to defendant's mistrial motion occurred during the state's rebuttal closing argument, when the prosecutor referenced defendant's entitlement to the presumption of innocence:

"[PROSECUTOR]:   The defendant a couple weeks ago was presumed to be innocent. Yeah. Got it. I respect that. That's the way the system works. No more. The evidence is overwhelming—

"[DEFENSE COUNSEL]:   Your Honor, I've got a matter for the Court.

"THE COURT:   We'll deal with it later. Continue.

"[PROSECUTOR]:   He was afforded that presumption of innocence. That has been overcome. The State has, indeed, overcome that presumption of innocence and proven to you that the defendant is, indeed, guilty beyond a reasonable doubt."

Shortly after, the prosecutor concluded his rebuttal argument, and the trial court proceeded to instruct the jury,

to excuse it for deliberations, and to dismiss the alternate juror. The court then addressed defendant:

> "THE COURT: Okay. [Defense counsel], you had a matter for the Court.
>
> "[DEFENSE COUNSEL]: I did. In closing argument, [the prosecutor] stated that two weeks ago the presumption of innocence applied and that it no longer applies at this point, or some point in between two weeks ago and now, and that is an improper assertion of law."

The trial court responded that it had understood the prosecutor to be arguing that the state had overcome the presumption of innocence by meeting its burden of proof, which the court did not view as an inappropriate argument:

> "[T]o the extent that your matter, then, is asking me to take an affirmative action to take this matter away from the jury, I will decline to do so. Whatever prejudice that I'm being told that there may be is not sufficient to pull this— this from them at this point."

Defendant thereupon moved for a mistrial, and the trial court ruled, "I interpreted *** that as probably your logical next step. *** And I'm denying your motion."

The jury convicted defendant of murder with a firearm, UUW-firearm, and FIP-firearm. As relevant to the sentencing issue before us, the trial court imposed the firearm minimum sentence required by ORS 161.610(4) on the FIP-firearm conviction instead of the murder conviction.

On appeal, defendant assigns error to the trial court's (1) denial of his mistrial motion and (2) imposition of the firearm minimum sentence on the FIP-firearm count. As to each issue, we conclude that defendant does not present a basis for reversal.

Both parties agree, rightly, that the prosecutor misstated the law when he argued in rebuttal closing that the presumption of innocence was "no more." *See State v. Elliott*, 234 Or 522, 527, 383 P2d 382 (1963) ("[A] defendant is presumed to be innocent of the offense charged and every necessary element thereof until *** a jury returns a verdict of guilty[.]"). They disagree, however, as to whether that misstatement is ground for reversal. Before reaching the

merits, we first address the state's contention that defendant did not adequately preserve this matter for review. We conclude otherwise.

"To preserve error, a motion for a mistrial must be timely." *State v. Walton*, 311 Or 223, 248, 809 P2d 81 (1991) (citation omitted). The purpose of that rule "is to allow the court to take prompt curative action," if the court believes it is warranted, to "avert[] the need for a mistrial." *State v. Veatch*, 223 Or App 444, 454, 196 P3d 45 (2008) (citations omitted). Thus, a mistrial motion that was not instantaneously made may nevertheless be timely, if made under circumstances that fulfill the purposes of preservation. *State v. Cox*, 272 Or App 390, 405, 359 P3d 257 (2015) (citing *Veatch*, 223 Or App at 453-54).

Here, defendant immediately interjected with "a matter for the court" when the prosecutor made the objectionable statements. Rather than allow defendant an immediate opportunity to elaborate on that "matter" out of the jury's earshot, the trial court instructed defendant to hold off on his comments and the prosecutor to continue. Only after the prosecutor had concluded his closing argument and the court had addressed and dismissed the jury—matters that covered only about five pages of the trial transcript—did the court turn its attention to defendant's "matter." The period of time between when the improper statements were made and when defendant explained his "matter" and moved for a mistrial is neither significant nor caused by any delay on defendant's part. Given that "a trial court generally possesses broad discretion to control the proceedings before it[,]" *State v. Rogers*, 330 Or 282, 300, 4 P3d 1261 (2000) (citations omitted), defendant would understandably not have felt at liberty to press the matter before the court was ready to address it. Moreover, the trial court appeared to understand that the "matter" concerned the prosecutor's comments on the presumption of innocence, which would fulfill the purposes of preservation: The court let the jury begin deliberations despite knowing that the "matter" still needed attention, and it anticipated defendant's "logical next step" of moving for a mistrial—two signs that it understood the crux of the "matter" but did not think that it warranted any curative action. Under the circumstances here,

defendant should not be penalized on preservation grounds for the trial court's choice to respond to the situation as it did.

Turning to the merits, we review the trial court's denial of defendant's mistrial motion for an abuse of discretion, asking whether the prosecutor's unremedied misstatement so affected the jury's consideration as to deny defendant a fair trial. *State v. Davis*, 345 Or 551, 582-83, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009). We conclude that the trial court did not abuse its discretion in denying defendant's motion.

In arguing otherwise, defendant primarily relies on *State v. Worth*, 231 Or App 69, 218 P3d 166 (2009), *rev den*, 347 Or 718 (2010), in which the prosecutor repeatedly and incorrectly told the jury during closing argument that the presumption of innocence no longer applied or soon would no longer apply.[1] The trial court "compounded the prejudice by overruling—in the presence of the jury—an objection to the misstatements." *Id.* at 78. We concluded that the "generic instructions" that the court later gave—"that [the] defendant was presumed innocent until proven guilty beyond a reasonable doubt and that the burden was on the state to so prove"—were insufficient to correct the confusion caused by the prosecutor's misstatements. *Id.* at 79. Because the overall effect was to deny the defendant a fair trial, we held that the trial court erroneously denied the defendant's mistrial motion. *Id.*

This case is distinguishable from *Worth* in several respects. First, unlike in *Worth*, the prosecutor here did not emphasize his improper comments on the presumption of innocence. Second, the trial court did not compound the prejudice by overruling any defense objection in the presence of the jury. Third, viewing the prosecutor's statements in context rather than in a vacuum, *see, e.g.*, *State v. Purrier*, 265

---

[1] The improper statements included that the defendant "*does not sit before you presumed innocent*"; "[b]ut for a few more minutes, [he] sits before you presumed innocent, until you shut that door and start deciding the facts of this case and how the law applies to the facts of that case"; and "when you sit down and take your initial vote, the presumption of innocence is over." *Worth*, 231 Or App at 72-73 (emphasis in original).

Or App 618, 621, 336 P3d 574 (2014), the jury would have understood the argument to be that the state had carried its burden to prove defendant's guilt. The trial court had thus understood the prosecutor's argument, and we have long recognized that a trial court ruling on a mistrial motion "is in the best position to assess the impact of the complained-of incident and to select the means (if any) necessary to correct any problem resulting" therefrom. *State v. Wright*, 323 Or 8, 12, 913 P2d 321 (1996) (citation omitted). Fourth, although the jury was provided only with instructions similar to the ones that we called "generic" in *Worth*, those "generic instructions" were sufficient in this case, given the preceding reasons for why any prejudice from the prosecutor's misstatements was limited. In light of the foregoing, defendant was not deprived of a fair trial, and the trial court's denial of his mistrial motion did not constitute an abuse of discretion.

Next, we address defendant's contention that the trial court erred by imposing the mandatory firearm minimum sentence on his FIP-firearm conviction rather than his murder conviction. Defendant reads existing case law to require that approach to ORS 161.610(4). We reject that argument, because the case law does not stand for the proposition that defendant posits.

ORS 161.610(4) provides, in pertinent part:

> "The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:
>
> "(a) \*\*\* *upon the first conviction for such felony*, five years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 10 years."

(Emphasis added.)

Defendant relies on *State v. Hardesty*, 298 Or 616, 695 P2d 569 (1985), for the proposition that the sentencing court must impose the firearm minimum sentence on the first qualifying offense for which a defendant is sentenced in a single case involving multiple firearm offenses—in this case, that was the murder count. The narrow issue in

*Hardesty*, however, was whether the firearm minimum sentencing statute "allows *multiple* five-year minimum terms of imprisonment when a single trial results in convictions of more than one felony in which a firearm was used or threatened to be used." 298 Or at 618 (emphasis added).[2] In answering that question in the negative, the Oregon Supreme Court did not—as defendant posits—specify that the statutory phrase "first conviction" indicates the first conviction upon which a sentence is imposed in a single case involving multiple firearm offenses. Nor has any subsequent case cited *Hardesty* for such a proposition.

In sum, the trial court did not abuse its discretion in denying defendant's mistrial motion, because the prosecutor's misstatement of the law did not deny defendant a fair trial. We also reject defendant's assignment of error on the firearm-minimum-sentence issue, because his argument misstates our case law regarding ORS 161.610(4).

Affirmed.

---

[2] *Hardesty* focused on subsection (5)(a) of ORS 161.610 (1983), which was the precursor to the current version of ORS 161.610(4)(a). *See* Or Laws 1985, ch 552, § 1.