No. 272 April 24, 2024 269

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TANIA LYNNE HERRING,
*Defendant-Appellant.*

Jefferson County Circuit Court
21CR05594; A178592

Wade L. Whiting, Judge.

Submitted March 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals a judgment of conviction for two counts of second-degree animal neglect of a mare and the mare's foal (Counts 2 and 3), ORS 167.325.[1] The jury acquitted defendant of practicing veterinary medicine without a license (Count 1), second-degree animal neglect (Count 4), and second-degree animal abuse (Count 5), all of which concerned a horse that defendant was alleged to have gelded without pain medication. Defendant assigns error to the trial court's denial of her motion for a mistrial based on prosecutorial misconduct and to its failure to acquit her, *sua sponte*, on Count 3. For the reasons explained below, we affirm.

We review the denial of a motion for mistrial for abuse of discretion. *State v. Soprych*, 318 Or App 306, 307, 507 P3d 276 (2022). Whether the trial court abused its discretion by denying a motion for mistrial based on prosecutorial misconduct depends on whether the conduct was such as to deny defendant "a fair trial." *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009). A curative jury instruction is generally an adequate alternative remedy to minimize the risk of prejudice, but there are "some prosecutorial statements [that are] so prejudicial" that a mistrial may be the only adequate remedy available to the trial court. *See State v. Chitwood*, 370 Or 305, 311-12, 518 P3d 903 (2022) (reciting the well-known idiom "the bell once rung, cannot be unrung" in conjunction with its discussion of jury instructions and prosecutorial misconduct in a plain-error context). "Ultimately, an appellate court is required to decide whether, under the circumstances as a whole, [the] defendant was denied the right to a fair trial, as a matter of law, by the events that transpired at trial." *Id.* at 312 (internal quotation marks omitted).

Defendant's first assignment of error concerns this exchange that occurred while the prosecutor was making his closing argument to the jury:

---

[1] ORS 167.325(1) provides, as relevant:

"A person commits the crime of animal neglect in the second degree if, except as otherwise authorized by law, the person intentionally, knowingly, recklessly or with criminal negligence:

"(a) Fails to provide minimum care for an animal in such person's custody or control[.]"

"[PROSECUTOR]:  Practicing Veterinary Medicine Without a License. Again, this is just for that incident with [the gelded horse]. I don't want you to get confused that we're talking about anything other than that castration. And here we said that [defendant] recklessly practiced veterinary medicine or surgery without holding a valid license. Again, didn't give the proper medication. When the procedure went wrong, didn't change anything about what [defendant] was doing. Still the five minutes, used the same materials, used the same drugs. Didn't give the animal pain relieving non-steroidal, anti-inflammatory drugs right after because [defendant] had a mistaken understanding of what they do. Recklessly practiced veterinary medicine.

"And one thing that I'll point out to you that the Judge told you is that it's not against the law in Oregon to practice veterinary medicine on your own animal. *I wouldn't do it.*

"[DEFENSE COUNSEL]:  Objection, matter for the Court.

"THE COURT:   Objection sustained.

"[DEFENSE COUNSEL]:   Matter for the Court.

"THE COURT:   [Prosecutor]?

"[PROSECUTOR]:   Withdrawn."

(Emphasis added.) Defendant did not ask the court to declare a mistrial. After arguments were concluded and the jury was sent out to deliberate, the trial court asked counsel for exceptions, at which point defense counsel said:

"I would have wanted a mistrial for the State's obvious vouching in violation of the law. Thank you."

Again, defendant did not ask the court to declare a mistrial. The prosecutor acknowledged that his comment was improper and offered to draft a curative instruction. Defense counsel declined the offer of an instruction, and the trial court indicated that it would not "grant a mistrial at this point in time[.]"

The trial court correctly sustained defendant's objection to the prosecutor's statement, "I wouldn't do it," as improper argument. *See, e.g.*, *State v. Wasyluk*, 275 Or App 149, 150, 363 P3d 519 (2015) (noting that it is improper for

a prosecutor to use the expressions "I think" or "I believe" when describing the evidence). The prosecutor immediately withdrew his statement. The ruling on the objection and the withdrawal of the improper statement occurred in the jury's immediate presence. The jury was instructed that the statements and arguments of counsel are not evidence, and that only evidence received by the court during the trial may be considered by them as they deliberate and reach their verdict. Defendant declined the offer of a curative instruction. In the end, the jury acquitted defendant of the three counts that were related to the gelded horse. Viewing the record as a whole, we cannot say that the trial court abused its discretion in declining to declare a mistrial. *See, e.g.*, *State v. Pouncey*, 303 Or App 365, 369-70, 464 P3d 448, *rev den*, 367 Or 76 (2020) (holding that the trial court did not abuse its discretion in denying a mistrial where "the prosecutor * * * did not emphasize his improper comments," "the trial court did not compound the prejudice by overruling any defense objection in the presence of the jury," and "viewing the prosecutor's statements in context rather than in a vacuum," the jury would not have been misled by the improper statements). The statement here is certainly not "beyond dispute * * * so prejudicial as to have denied defendant a fair trial." *Chitwood*, 370 Or at 312 (internal quotation marks omitted). The trial court did not err when it declined to declare a mistrial.

We turn to defendant's second assignment of error, regarding the conviction on Count 3 for second-degree animal neglect of the foal. We note that defendant did not move the trial court for a judgment of acquittal (MJOA) on Count 3 and that she, therefore, failed to preserve the argument she now makes on appeal. Defendant argues, however, that the trial court plainly erred when it failed to *sua sponte* enter an MJOA on Count 3, and she implores us to acquit her of that crime.

We generally do not consider unpreserved issues, *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000), although we have discretion to correct plain error. "An error is plain when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the

record without our having to choose among competing inferences." *State v. Tacia*, 330 Or App 425, 428, 543 P3d 713 (2024) (internal quotation marks omitted). To establish an error of law here, defendant must demonstrate that it is obvious and not reasonably in dispute that no reasonable trier of fact could have found that the state proved the essential elements of second-degree animal neglect beyond a reasonable doubt. *Id.* at 428.

In reviewing the sufficiency of the evidence in conjunction with an MJOA, we view the evidence in the light most favorable to the state, *State v. Daniels*, 348 Or 513, 518, 234 P3d 976 (2010), and we "resolve all conflicts of evidence in favor of the state and give the state the benefit of all reasonable inferences." *State v. Rader*, 348 Or 81, 91, 228 P3d 552 (2010).

The gravamen of the charge against defendant in Count 3 is that she failed to "provide minimum care for" the foal. ORS 167.310(9) defines "minimum care" to be "care sufficient to preserve the health and well-being of an animal," including "[f]ood of sufficient quantity and quality to allow for normal growth or maintenance of body weight[,]" and "[o]pen or adequate access to potable water in sufficient quantity to satisfy the animal's needs." The state presented evidence that the very young, injured foal was found attempting to nurse from a mare with no milk supply. It is neither obvious nor beyond reasonable dispute on this record that the evidence was insufficient to establish each element of the charged crime beyond a reasonable doubt. Any error is not plain. We, thus, reject the second assignment of error.

Affirmed.