16              December 24, 2025              No. 1103

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FELICITO JIMENEZ AVENDANO,
*Defendant-Appellant.*

Lane County Circuit Court
24CR21523; A184911

Michelle P. Bassi, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Portion of judgment requiring defendant to pay "any required per diem fees" reversed; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140. On appeal, he raises two assignments of error. First, he contends that he was plainly denied a fair trial as the result of prosecutorial misconduct in closing argument. Second, he challenges the trial court's imposition of per diem fees in the judgment that were not announced at sentencing. For the reasons explained below, we affirm the convictions, but we reverse the portion of the judgment regarding payment of per diem fees.

PROSECUTORIAL MISCONDUCT
(CLOSING ARGUMENT)

Defendant contends that the prosecutor improperly injected her personal opinions into closing argument by using the words "I believe" four times during her short closing argument, specifically as follows:

- "*I believe* I've proven beyond a reasonable doubt that he was recklessly driving a vehicle in a way that endangered the safety of persons or property, and I ask that you find him guilty on Count 2." (Emphasis added.)

- "*I believe* I've proven that he was under the influence of intoxicants at the time of driving based on his poor driving, his manner with the troopers, the urination in the back of the patrol car, his inability to walk a straight line, the spitting in the back of the patrol car, the statements, *I believe* the fact that he was—did not appear to be following the conversation is evidence of some impairment. The language barrier may have caused some additional confusion, but *I do believe* that his entire manner, his facial expressions, his eyes, all of that showed that he was under the influence of intoxicating liquor at the time of driving, and I ask that you find him guilty on both counts." (Emphases added.)

Defendant did not object to the statements when they were made, so he requests plain-error review.[1]

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We have discretion, however, to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing

For statements in closing argument to rise to the level of reversible plain error, it must be "beyond dispute" that they "were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted). To meet that standard, the statements, individually or collectively, must have been both obviously improper *and* incurable. *State v. Perez*, 373 Or 591, 606, 568 P3d 940 (2025). A statement is obviously improper if its only possible interpretation makes it an impermissible remark, whereas a statement is not obviously improper if it is susceptible to more than one interpretation, at least one of which is not impermissible. *Id*. at 607. If a statement was obviously improper, we must next consider whether it would have been curable or, conversely, whether it was so egregious as to require a mistrial as a matter of law, with only statements in the latter category qualifying as plain error. *Id.* at 605. If a statement was not obviously improper, we need not reach the issue of curability. *Id*. at 615.

In this case, the prosecutor's statements were not obviously improper. It is obviously improper for a prosecutor to vouch for a witness, and the words "I believe" *could* be used to preface a vouching statement or otherwise express an impermissible personal opinion. *See State v. Parker*, 235 Or 366, 377-78, 384 P2d 986 (1963) ("It is improper for counsel to interject his personal appraisal of the witnesses' credibility in a way which would suggest to the jury that the appraisal is based upon counsel's own knowledge of facts not introduced into evidence. \*\*\* The rule is sometimes stated more broadly, making improper any comment by counsel upon the credibility of his witnesses."). Here, however, it is as or more likely that the jury would have understood the prosecutor to be using "I believe" as meaningless filler words to transition between sentences, out of nervousness or the like, without any intention of expressing a personal opinion. That is especially so given that, in each instance, the words prefaced a statement about whether the state had met its burden of proof or what the evidence showed, not a comment on a particular witness's testimony or the like.

inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). A distinct body of case law has developed regarding "plain error" prosecutorial misconduct in closing argument, so we focus on that body of law in the text.

In *State v. Wasyluk*, 275 Or App 149, 150, 363 P3d 519 (2015), the defendant contended that the prosecutor had engaged in improper vouching in opening statement and closing argument by "frequently us[ing] the expressions 'I think' and 'I believe' when describing the evidence." The defendant had repeatedly objected at trial, stating that "personal beliefs are no part of this case," and, in each instance, either the trial court sustained the objection or the prosecutor immediately withdrew and rephrased the comment. *Id*. The court "advised the prosecutor to use the phrase 'I submit or something like that as opposed to I believe or I think so.'" *Id*. at 151. The defendant eventually moved for a mistrial. *Id*. In opposing the motion, the prosecutor apologized and represented that he was not trying to interject his personal opinion or disrespect the defendant's constitutional rights, that it was his first felony trial, and that he was merely prefacing sentences in which he was trying to address complex issues. *Id*. at 151 n 2.

The trial court gave additional curative instructions to the jury, but it denied a mistrial. *Id*. at 151. It viewed the objectionable language as "inadvertent" and noted that the prosecutor used "I think" or "I believe" primarily in describing "what the evidence did or did not show." *Id*. The prosecutor was not "vouching for testimony or assessing strength of testimony." *Id*. We affirmed on appeal, holding that the trial court did not abuse its discretion in denying a mistrial. *Id*. at 153. We explained that the record supported "the trial court's assessment that the prosecutor's comments were unintentional"; noted that the statements that were completed were not in the nature of vouching; and concluded that "the careful response of the court and of both counsel made it clear to the jury that the prosecutor's comments *were not intended to be—and should not be considered by the jury as—an indication of the prosecutor's personal opinion about the evidence.*" *Id*. at 152-53 (emphasis added).

Applying the same principles to this case (but in a plain-error posture), the prosecutor's use of "I believe" in closing argument was not *obviously* improper, because the jury reasonably could have understood her to be using meaningless filler words for sentence transitions, without

any intention of expressing a personal opinion, especially given the nature of the sentences to which those words were attached. Because one reasonable interpretation of the words would make them not impermissible, there is no plain error. *Perez*, 373 Or at 607. Moreover, under *Wasyluk*, even if defendant had objected, the trial court could have addressed the issue with a curative instruction and would not have been required to declare a mistrial, which also defeats plain error. *See Perez*, 373 Or at 606 (on plain-error review, the challenged statement by the prosecutor must have been both obviously improper and incurable). We therefore reject defendant's first assignment of error.

## PER DIEM FEES

Defendant next argues that the trial court erred in ordering him to pay "any required per diem fees" as part of his sentence. That term appeared for the first time in the judgment. Defendant argues that it was error to include a term in the judgment without announcing it at sentencing. The state correctly concedes the error. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (holding that the same was error). As for disposition, the remedy for unannounced terms is usually resentencing. *Id*. However, the parties agree that the proper remedy in this case is to simply reverse that part of the judgment, because the trial court expressly stated at sentencing that it was waiving "any fines or fees associated with the convictions in this matter." *See State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (accepting the state's concession that it was error to impose fees in the judgment that were not announced at sentencing and reversing without remanding because "the court declared at sentencing that it would waive all fees"). We agree with the proposed disposition.

Portion of judgment requiring defendant to pay "any required per diem fees" reversed; otherwise affirmed.