Submitted October 29, 2015, affirmed July 12, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
JACKIE ERWIN RASBERRY, II,
*Defendant-Appellant.*

Coos County Circuit Court
11CR0410; A156576

399 P3d 1030

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

`Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## HADLOCK, C. J.

Defendant was found guilty of having committed multiple crimes, including possession of a controlled substance (PCS) and delivery of a controlled substance (DCS). Both the PCS charge and the DCS charge arose from a commercial transaction involving hydrocodone. On appeal, defendant challenges his conviction for DCS and the determination of guilt on the PCS charge, arguing that the trial court erred by admitting evidence of text messages that police officers found on a cell phone.[1] We affirm.

The narcotics investigation that led to the charges against defendant began with a traffic stop of defendant's car in January 2011. Trooper Looney, who assisted another trooper during that stop, searched the car with defendant's consent. Looney found—inside a speaker box—bags of marijuana, a digital scale with marijuana residue, and empty sandwich bags. Defendant's phone "was ringing constantly" as Looney searched the car, "almost non stop, call after call after call."

A few months later, Looney responded to the location of another traffic stop involving defendant; this time, the stopped vehicle was a pickup truck that defendant had been driving. Looney advised defendant that he was wanted on a warrant, handcuffed him, and advised him of his *Miranda* rights. Defendant consented to a search of the truck, but said that if Looney "found anything illegal, it's not his." On the driver's seat of the truck, Looney found a prescription pill bottle that contained two knotted baggies that were "consistent with packing for *** illicit delivery." The name on the bottle was not defendant's. Later testing revealed that the bottle contained hydrocodone tablets. Two cell phones were sitting in the driver's area and "were constantly ringing."

---

[1] Defendant was charged in a multi-count indictment and found guilty of unlawful manufacture of marijuana (Count 1), unlawful delivery of marijuana (Count 2), unlawful possession of marijuana (Count 3), the DCS charge at issue here (Count 4), the PCS charge at issue here (Count 5), and false swearing (Count 6). The trial court merged the determinations of guilt on counts 1, 2, and 3 into a single conviction for unlawful manufacture of marijuana. The court also merged the determinations of guilt on counts 4 and 5 into a single conviction for DCS (hydrocodone). On appeal, defendant does not challenge either the conviction for unlawful manufacture of marijuana or the conviction for false swearing.

Looney contacted another officer, Trooper Timm, who worked as a narcotics detective. Looney wanted Timm to investigate the two cell phones that Looney had found in the truck, one Samsung and one Motorola. Officers obtained a warrant to search the phones. Defendant was ultimately charged with multiple crimes, including those at issue on appeal.

At defendant's trial, Timm testified that he took photographs of every text message that was on the Samsung phone. When Timm began describing those text messages, defendant objected on hearsay grounds to testimony about the statements made, via text message, by somebody other than defendant. The court overruled the objection:

"THE COURT: Well, you know, I'm going to overrule the objection because there's evidence from which you could find these are [defendant's] phone[s]. Therefore, what he would say would not be hearsay because it would be a statement of his own. *And what he was receiving and responding to would be in effect him agreeing or adopting or responding to that.*"

(Emphasis added.) Defendant disputed the court's reasoning, arguing that, "to the extent that [defendant was] responding without confirming, it's not an adoptive admission" of the statements "coming from some unknown third party." The court disagreed, and explained further why it was overruling defendant's hearsay objection:

"THE COURT: I'll overrule the objection because when you respond to one, unless you respond to something that's entirely opposite of what's being said you have to be adopting it to respond to it."

Timm provided more testimony about the exchange of text messages on the Samsung phone, which Timm believed was a discussion about marijuana and some financial transactions. On appeal, defendant does not challenge the court's ruling admitting that testimony; nor does he challenge the admission of photographs of the text messages from the Samsung phone.

The prosecutor then asked Timm about the Motorola phone. Timm had also photographed a series of text messages from that phone. Defendant again raised a hearsay

objection to evidence of the text messages, which consisted of the photographs and Timm's testimony about the content of the messages. The court overruled that objection for the same reason that it had overruled defendant's objection to evidence about the text messages on the Samsung phone:

"THE COURT: I'll overrule the hearsay objection for the same reason. You know, it's on his. And I don't know that automatically possessing the phone makes all similar to your statements or the fact that you're responding means you adopt them. But, I don't think that's hearsay or if it is hearsay it's admissible under one of the exceptions."

Timm then testified about the text messages, describing the exchanges that took place. For example, one incoming message stated, "'Chris is sending me some money today or tomorrow to get a couple of those to get me through the next two days. Can I get some from you even though I still owe you?'" The responsive outgoing message from the Motorola phone was, "'I'm out of them but I'll see if I can locate some.'"[2] Based on his training and experience, Timm testified, essentially, that he believed that the exchange of text messages related to a request to purchase narcotics.

On appeal, defendant assigns error to the trial court's denial of his hearsay objection to evidence of the incoming text messages on the Motorola phone. He asserts that the text messages are inadmissible hearsay because (1) they are out-of-court statements offered for their truth, (2) they do not fall within any of the OEC 801(4) provisions that describe out-of-court statements that are not hearsay, and (3) they do not fall within any of the exceptions to the general rule that hearsay evidence is inadmissible.

Defendant acknowledges the existence of the OEC 801(4)(b)(B) "adoptive admission" exception to the definition of hearsay. That exception provides that a statement is not hearsay if it is offered against a party and is a "statement of which the party has manifested the party's adoption or belief in its truth[.]" OEC 801(4)(b)(B).

"'If a party manifests an *adoption* of a statement of another, the party is in the same position as if the party

---

[2] Spelling has been corrected for the sake of readability. The parties did not dispute the substantive content of the messages.

had personally made the statement. The party becomes the declarant, and the statement of the other person becomes the party's.' *State v. Carlson*, 311 Or 201, 206-07, 808 P2d 1002 (1991) (emphasis in original) (footnote omitted). * * * The court must examine the totality of the circumstances to determine, by a preponderance of the evidence, whether the party intended to adopt or approve the contents of the declaration. *Id.* at 207-09."

*State v. Schiller-Munneman*, 359 Or 808, 814, 377 P3d 554 (2016).

Defendant does not make a substantive argument against applicability of the "adoptive admission" exception to the incoming text messages on the Motorola phone. Rather, his argument is premised on an assertion that the trial court ruled "that the evidence did not fall under the adoptive admission exception." That is, defendant does not argue that the trial court erred if it *did* admit the text messages under the "adoptive admission" exception; rather, his argument is predicated on the idea that the trial court did *not* admit the evidence as falling within that exception.

Defendant's argument is based on a single sentence taken from the trial court's explanation of its ruling: "And I don't know that automatically possessing the phone makes all similar to your statements or the fact that you're responding means you adopt them." Read in isolation, perhaps that statement could be understood to mean that the court was rejecting a contention that the "adoptive admission" exception applied in this case. Read in context, however, it cannot reasonably be understood that way.

As detailed above, the trial court first ruled that the incoming text messages on the Samsung phone were admissible because defendant had "adoptively admitted" them through his responses to those messages. The court overruled defendant's objection to the Samsung text messages on that basis. Shortly thereafter, when the state offered evidence of the text messages on the Motorola phone, the court stated that it would admit them, over defendant's hearsay objection, "for the same reason." The court did go on to say that it did not "know that *automatically* possessing the phone makes all similar to your statements or the fact that you're

responding means you adopt them." (Emphasis added.) But the court went on to admit the evidence of the incoming text messages on the Motorola phone, and it did not suggest that it was admitting evidence for some reason other than defendant having adoptively admitted the incoming messages. In that context, the trial court's statements are best understood as explaining (1) that a person's response to text messages will not always "automatically" constitute an adoptive admission, but (2) that, *in this case*, defendant's responses showed that defendant had adoptively admitted the incoming text messages on the Motorola phone.

In sum, defendant's appeal is premised entirely on his contention that the trial court did not admit the text messages as adoptive admissions under OEC 801(4)(b)(B). We reject that premise and, accordingly, affirm.

Affirmed.