Submitted November 26, 2019, affirmed February 26, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARL WILLIAM SPIELER, SR.,
aka Carl Spieler, aka Carl W. Spieler,
aka Carl William Spieler,
*Defendant-Appellant.*

Columbia County Circuit Court
17CR46214; A167909

460 P3d 535

Defendant appeals a judgment of conviction for, among other offenses, two counts of attempted second-degree assault, ORS 161.405; ORS 163.175 (Counts 1 and 2), and two counts of attempted assault of a public safety officer, ORS 161.405; ORS 163.208 (Counts 3 and 4). The conduct underlying defendant's convictions on Counts 1 through 4 involved defendant accelerating his car at two law enforcement officers who were standing in front of his car. In his first four assignments of error, defendant contends that the trial court erred when it denied his motion for a judgment of acquittal on Counts 1 through 4, because the state failed to "offer sufficient evidence to prove that defendant personally intended to injure the officers." In his fifth assignment of error, defendant argues that the "trial court erred in basing its decision to convict defendant of [Counts 1 through 4] on an incorrect understanding of the law: that a person cannot accelerate his or her car at somebody without having the intent to cause that person physical injury." Furthermore, defendant contends that the trial court erred because it convicted defendant of Counts 1 through 4 after determining that defendant acted "with reckless disregard for the safety of the officers when he drove his car towards them in an effort to escape," but that for a person to attempt an assault, the person must act with the intent to cause physical injury. *Held*: The evidence was sufficient to allow a reasonable factfinder to infer that defendant intended to injure the officers, and, thus, the trial court did not err when it denied defendant's motion for a judgment of acquittal on Counts 1 through 4. Furthermore, after reviewing the trial court's speaking verdict in the context of the trial as a whole, the Court of Appeals determined that the trial court's verdict was based on a correct understanding of the law, and that the trial court found that defendant intended to injure the officers when he accelerated his car directly toward them.

Affirmed.

Ted E. Grove, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for, among other offenses, two counts of attempted second-degree assault, ORS 161.405; ORS 163.175 (Counts 1 and 2), and two counts of attempted assault of a public safety officer, ORS 161.405; ORS 163.208 (Counts 3 and 4).[1] As explained further below, the conduct underlying defendant's convictions on Counts 1 through 4 involved defendant accelerating his car directly at two law enforcement officers who were standing somewhere between a "car length" and 20 feet in front of defendant's car.

In his first four assignments of error, defendant contends that the trial court erred when it denied his motion for judgment of acquittal on Counts 1 through 4, because the state failed to "offer sufficient evidence to prove that defendant personally intended to injure the officers." We conclude that the evidence was sufficient to allow a reasonable factfinder to infer that defendant intended to injure the officers. That was not the *only* permissible inference, but it was one permissible inference. *See State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) ("[T]he established facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide."). We therefore reject the first four assignments of error without further discussion.[2]

---

[1] A person commits the crime of second-degree assault if they "[i]ntentionally *** cause[] physical injury to another by means of a deadly or dangerous weapon." ORS 163.175(1)(b). A person commits the crime of assaulting a public safety officer if the person "intentionally *** causes physical injury to the other person, knowing the other person to be a peace officer, *** and while the other person is acting in the course of official duty." ORS 163.208.

To "attempt" either second-degree assault or assaulting a public safety officer, a person must "intentionally engage[] in conduct which constitutes a substantial step toward commission of" either of those crimes. ORS 161.405 (defining attempt). A "substantial step" is conduct that "strongly corroborate[s] the defendant's criminal purpose—that is, the conduct must (1) advance the criminal purpose charged and (2) provide some verification of the existence of that purpose." *State v. Jessen*, 162 Or App 662, 668, 986 P2d 684 (1999), *rev den*, 329 Or 589 (2000) (internal quotation marks omitted).

[2] *See State v. Ramirez*, 113 Or App 224, 226-27, 831 P2d 719 (1992) (rejecting the defendant's argument that there was insufficient evidence to prove that she intentionally attempted to cause serious physical injury to a DEA agent for purposes of proving attempted first-degree assault, because there was evidence that, when the agent stepped in front of the truck which was roughly 12 feet away, defendant "accelerated the truck forward" at the agent, the agent leaped out of the way, and then the defendant drove off).

In his fifth assignment of error, defendant argues that the "trial court erred in basing its decision to convict defendant of [Counts 1 through 4] on an incorrect understanding of the law: that a person cannot accelerate his or her car at somebody without having the intent to cause that person physical injury." Furthermore, defendant contends that the trial court erred because it convicted defendant of Counts 1 through 4 after determining that defendant acted "with reckless disregard for the safety of the officers when he drove his car towards them in an effort to escape," but that for a person to "attempt" an assault, the person must act with the intent to cause physical injury.

As explained below, we disagree with defendant that the trial court based its decision to convict defendant on a conclusion that, *as a matter of law*, "a person cannot accelerate his or her car at somebody without having the intent to cause that person physical injury." We also disagree with defendant that the trial court determined that defendant was acting with mere "reckless disregard for the safety of the officers when he drove his car towards them in an effort to escape," rather than an intent to cause them injury. Accordingly, we affirm.

"We review for legal error whether the trial court properly construed a statute and applied a correct legal theory of criminal liability." *State v. Chandler*, 293 Or App 705, 707, 430 P3d 186 (2018). The historical facts relevant to our analysis of this appeal are undisputed.

Sergeant Castilleja and Officer Gaston arrived at an apartment complex to arrest defendant on a felony warrant. The officers saw defendant walk out of the apartment complex towards a car. Castilleja made eye contact with defendant and told him to stop and that he was under arrest. Defendant ran to his own car, got inside, and locked the doors. Castilleja and Gaston drew their guns and shouted at defendant to get out of the car. Castilleja broke the back passenger-side window with the butt of his gun and reached inside the car to unlock the front door. Defendant put the car in reverse in order to exit his parking space, forcing the officers to move out of the way to avoid being struck by the car.

After defendant exited the parking space, the officers positioned themselves somewhere between a "car length" and 20 feet in front of defendant's car, such that the officers were standing between the front of defendant's car and the exit to the parking lot. Castilleja was in front of the center of defendant's car, while Gaston was slightly to one side, in front of the car's passenger side tire. Both officers pointed their guns at defendant's car and ordered him to stop.

Defendant looked at Castilleja, made eye contact with him, and then shifted his gaze to what Castilleja described as "looking through" him. Defendant then quickly accelerated directly toward Castilleja and Gaston. Castilleja "darted" or "jumped" out of the way, and "just barely cleared the car as it was going past." Gaston also managed to move out of the way. Defendant's car missed hitting Castilleja by less than three feet and missed Gaston by 5 to 10 feet. Defendant did not try to avoid hitting the officers, but also did not swerve in an attempt to hit the officers after they moved out of the way. Had the officers been unable to move out of the way, they would have been struck by defendant's car.

Defendant kept accelerating as he drove out of the parking lot. The officers decided not to pursue defendant, but instead notified dispatch. After a series of police pursuits involving other officers, defendant was apprehended and arrested. Defendant was charged with two counts of attempted second-degree assault, two counts of attempted assault of a public safety officer, and various other offenses.[3]

As relevant here, the two counts of attempted second-degree assault and the two counts of attempted assault of a public safety officer alleged, in relevant part, that defendant "did unlawfully and intentionally attempt to cause physical injury."

---

[3] Specifically, in addition to the attempted-assault charges, defendant was charged with two counts of menacing, ORS 163.190, four counts of recklessly endangering another person, ORS 163.195, two counts of fleeing or attempting to elude a police officer, ORS 811.540, one count of interfering with a peace officer, ORS 162.247, two counts of reckless driving, ORS 811.140, and one count of driving while suspended, ORS 811.182(4).

Defendant waived his right to a jury, opting instead for a bench trial. In their opening statements, the parties outlined their theories of the case with respect to the attempted-assault charges. Both parties recognized that, in order to convict defendant on those charges, the court would have to find that he intended to physically injure the officers when he was accelerating toward them. The state argued that, when defendant accelerated at the officers, he intended to get away but also specifically intended to injure the officers. Defendant argued that he only intended to get away and never intended to injure the officers.

With the case so teed up, the state put on its evidence, establishing what had physically occurred during the incident, which defendant did not dispute. As for defendant's intent when he was accelerating toward the officers, the evidence was, not surprisingly, circumstantial. In closing, both parties argued to the trial court as factfinder about what inference it should draw, pointing to aspects of the evidence that favored their respective positions. Echoing the opening arguments, the state urged the court to find that defendant intended both to get away *and* to injure the officers, while defendant urged the court to find that he intended *only* to get away and did not intend to injure the officers. Defendant essentially admitted that he acted recklessly but argued that the court should not—or even could not—find from the evidence that he affirmatively intended to injure the officers.[4]

As soon as the parties finished closing arguments, the court rendered its verdict—guilty on all counts—and stated as follows regarding the attempted-assault counts:

---

[4] ORS 161.085(9) defines the culpable mental state of "recklessly" as follows:

"'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(7) defines the culpable mental state of "intentionally" or "with intent" as follows:

"'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining an offense, means that a person acts with a conscious objective to cause the result or to engage in the conduct so described."

"Pretty much all I've thought about this morning is the only issue that is in any sort of dispute today, and that is what was going on in your head at the time that you accelerated your vehicle with two law enforcement officers standing directly in front of you.

"[The prosecutor] says that that amounts to intent. You've heard your attorney argue, very strongly and—and very well, that your purpose was to simply get away. And no doubt that your first motive was to get away.

"I don't believe that had the officers not been standing in front of your car would you have made an effort to try to run over them. But that's not the facts of this case. The facts of this case [are that] they were standing in front of your car, you clearly knew that they were there, and that you accelerated your car directly toward them.

"And the car is a dangerous weapon and had one of them not gotten out of the way, I think it's pretty clear that there is an excellent chance that you would be looking at a second-degree assault and hopefully not a first-degree assault because that would have resulted in them being hurt very badly.

"So the question for me is can you drive your car directly at two people and say that [i]t was not my intent to cause them injury. That certainly was a risk that you were prepared to accept that they would be injured.

"* * * * *

"And my final determination is you cannot drive your car directly at somebody accelerating and say it wasn't my intent to cause them an injury.

"So I'm finding you guilty of Counts 1 and 2 of the Attempted Assault in the Second Degree. And for the same reasons, I'm finding you guilty of 3, 4."

Defendant contends that, in finding him guilty for the stated reasons, the trial court improperly conflated recklessness with intent. As previously noted, it is undisputed that the state had to prove that defendant *intended* to injure the officers and that it would not be enough for the state to prove that he *recklessly* put them at risk of injury. *See State v. Tapp*, 110 Or App 1, 5, 821 P2d 1098 (1991) (one cannot "attempt" a crime involving recklessness). Relying on the

court's speaking verdict, defendant argues that, "instead of concluding that defendant personally intended to injure the officers, the trial court determined that, as a matter of law, a person *cannot* accelerate a car at someone and not intend to injure them." (Emphasis added.) Defendant argues that that is legally incorrect "because it is entirely possible for a person to knowingly or recklessly drive his or her car directly at someone and not intend to injure that person if his or her intent is simply to get them to move out of the way so he or she can escape." Defendant also points to the court's statement that injuring the officers "certainly was a risk that you were prepared to accept," which he argues constitutes a finding of recklessness.

Although the question is somewhat close, we conclude that the trial court did not make the error that defendant asserts that it did. In essence, defendant argues that the trial court wrongly concluded that, as a matter of law, there was only *one* reasonable inference that could be drawn from the evidence: that defendant intended to injure the officers. Looking at what the trial court said in isolation, there is some plausibility to that argument. However, we do not look at individual statements in isolation, but rather consider them in the context of the parties' arguments and the ruling as a whole. *State v. Rasberry*, 286 Or App 685, 689, 399 P3d 1030 (2017); *see also Kincek v. Hall*, 217 Or App 227, 234-36, 175 P3d 496 (2007) (rejecting the state's argument that the post-conviction court misunderstood and misapplied the law, where the state had "'cherry-picked out of context' a single remark from the post-conviction court's oral description of its thought process").

Considering the court's speaking verdict as a whole—especially in the context of the parties' arguments—we conclude that the trial court understood that its task was to choose between the competing inferences argued by the parties and decide from the circumstantial evidence whether defendant intended to injure the officers. That is, the parties did an excellent job of laying out exactly what the trial court sitting as factfinder needed to decide in order to render a verdict on the attempted-assault counts. It was undisputed that defendant was trying to get away; the only question for the factfinder was whether defendant *did* or

*did not* intend to injure the officers as part of getting away. The state expressly argued that he did, while defendant expressly argued that he did not.

In that context, we are unpersuaded that the trial court's words reflect a decision not to make a finding on the "only" factual issue that was in "any sort of dispute"—did defendant intend to injure the officers or not—and instead make a finding on an undisputed issue that everyone agreed was not the issue before the court—was defendant reckless. *See State v. Reed*, 299 Or App 675, 689, 452 P3d 995 (2019) (the "court's speaking verdict and other comments must be considered in context, taking into account the circumstances in which the court made its observations"); *Bohnenkamp v. State of Oregon*, 293 Or App 551, 557, 429 P3d 738 (2018) (considering "the trial court's speaking verdict *** in its entirety in the context of the whole record").

Although some of the trial court's phrasing during its speaking verdict may not have been as clear as ideal, we disagree that what the court said reveals a fundamental misunderstanding of the law. Such a misunderstanding seems highly unlikely, given the emphasis on the intent issue throughout trial—including in opening statements, in argument on defendant's motion for judgment of acquittal, and in closing arguments—and given the trial court's express identification of the issue before it as being to figure out "what was going on in [defendant's] head at the time that [he] accelerated [his] vehicle with two law enforcement officers standing directly in front of [him]." In context, we do not read the trial court's statements as meaning that it had concluded as a matter of law that any time a person accelerates a car directly at another person the only reasonable inference is that the person intended to cause physical injury to the other person. Rather, we understand the trial court to have meant that, in this particular case, it was persuaded by the state's argument that defendant intended to injure these two officers and, conversely, unpersuaded by defendant's argument that he did not intend to injure them.

As for the court's statement that defendant was certainly prepared to accept "the risk" of injuring the officers, it is not entirely clear what the court intended to convey with

that statement, but that single statement, in the broader context, does not persuade us that the trial court misunderstood its task or the applicable law. *See Kincek*, 217 Or App at 234-36 (rejecting the state's argument that "the post-conviction court 'apparently conflated the two prongs of the inadequate assistance standard—or, in the alternative, simply overlooked or misunderstood the prejudice prong'"—because the state's argument was "predicated upon an unduly selective reading of the post-conviction court's comments," and, "in *** context, it [was] clear that the post-conviction court did not misunderstand the relevant standard for determining prejudice").

In sum, even if the trial court's speaking verdict could have been more precise, in context, we are convinced that the court did find that defendant *intended* to injure the officers when he accelerated his car directly toward them and that such finding was made in accordance with the legal principles and case theories that the parties had presented. Accordingly, we reject defendant's argument that the trial court committed legal error in connection with finding him guilty of the four attempted-assault counts.

Affirmed.