36 April 17, 2024 No. 233

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN GREGORY BRANNAN,
*Defendant-Appellant.*
Beaverton Municipal Court
2110018; A176827

Juliet J. Britton, Judge.

Submitted October 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this criminal case, defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010.[1] On appeal, defendant presents four assignments of error. For the reasons that follow, we affirm.

*Defendant's First Assignment of Error.* Defendant argues that the trial court erred in denying his motion for judgment of acquittal ("MJOA"), because the state did not present evidence that defendant *drove* while intoxicated. "We review the denial of an MJOA for whether a rational factfinder could find, after viewing the evidence in the light most favorable to the state and making reasonable inferences and credibility choices, that the state proved every element of the offense beyond a reasonable doubt." *State v. Davis*, 261 Or App 38, 39, 323 P3d 276 (2014) (citation omitted).

The DUII charge arose out of an incident in which, at around 1:00 a.m., police officers found defendant in the driver seat of a BMW, perceptibly intoxicated. The car was located directly at an intersection, parked perpendicular in the middle of the street, and blocking the south lane of travel in a well-traveled area of Beaverton. The BMW's hazard lights and engine were on, and the key was in the ignition. The responding officer turned off the car and removed the key from the ignition. Another officer at the scene observed that defendant moved slowly; he needed assistance getting out of the car and standing up; and he spoke with a slow, slurred speech. In addition, the officer smelled the odor of alcohol coming from defendant. Inside the BMW, officers found a still-cold, open can of beer in the center console, and they found six open beer cans on the front passenger floorboard. Defendant's blood alcohol content (BAC), which was tested about two-and-a-half hours after officers found him, was 0.27.

In this case, sufficient evidence existed for a jury to find defendant guilty of DUII. The jury could reasonably infer that defendant had been driving while intoxicated based on the evidence just described. *State v. Hedgpeth*, 365

---

[1] The legislature amended ORS 813.010 after defendant's arrest. Or Laws 2021, ch 480, § 1. Because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

Or 724, 731-32, 452 P3d 948 (2019) ("[A] court evaluating a motion for judgment of acquittal does not base its decision on whether any particular inference to be drawn from the evidence is 'more likely than not.' Rather, *** the evidence in a case can give rise to more than one reasonable inference, and when it does, the factfinder is allowed to decide the case.").

*Defendant's Second and Third Assignments of Error.* Defendant argues that the trial court erred when it permitted two officers to testify at trial about their opinions as to whether defendant drove to the place where they found him. According to defendant, the officers' opinions were not rationally based on their perceptions, and their opinions were not helpful to the jury as required by OEC 701.[2] We review the admissibility of lay opinion evidence for an abuse of discretion, *State v. Lerch*, 296 Or 377, 383, 677 P2d 678 (1984) (citation omitted), but when the court's ruling "effectively limit[s] the applicability of OEC 701[,]" we review for errors of law, *State v. Barnes*, 208 Or App 640, 648, 145 P3d 261 (2006).

In this case, we review for abuse of discretion, because the trial court's ruling did not limit the applicability of OEC 701, and we determine that the trial court did not abuse its discretion when it admitted the officers' lay opinion testimony. First, the opinions were not speculative, because they were rationally based on the officers' observations and based on their knowledge from patrolling that area.[3] *See State v. Davis*, 351 Or 35, 54, 261 P3d 1197 (2011) ("The rational connection requirement means only

---

[2]  OEC 701 provides that:

"If the witness is not testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are:

"(1)  Rationally based on the perception of the witness; and

"(2)  Helpful to a clear understanding of testimony of the witness or the determination of a fact in issue."

[3]  One of the testifying officers is assigned to patrol the area where he found defendant, and he drove past the location where he found defendant "between two and six times" before responding to the call that evening. The other officer also testified that he had driven by that location before, and the road where defendant was found "is a busy street in Beaverton" and "no matter the time of day, there [are] busy cars going by."

that the opinion or inference advanced by the witness is one which a normal person could form on the basis of observed facts." (Citation and internal quotation marks omitted.)). Second, the lay opinion evidence was relevant to helping the jury understand the officers' testimony—that they believed defendant drove—particularly after defendant, on cross examination, asked the officers about whether they had observed defendant driving or observed the vehicle in motion.[4] *See State v. Wright*, 323 Or 8, 17, 913 P2d 321 (1996) ("The concept of 'helpfulness' in OEC 701 subsumes a relevancy analysis.").

　　　　*Defendant's Fourth Assignment of Error.* Defendant requests that we review whether the trial court plainly erred by allowing the prosecutor to shift the burden of proof during the state's closing arguments. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). For an error to be plain, the error must (1) be one of law; (2) be obvious and not reasonably in dispute; and (3) appear on the face of the record. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (citation omitted). A prosecutor's improper comments constitute plain error "only if they are so prejudicial that they deprived defendant of a fair trial." *State v. Chitwood*, 370 Or 305, 317, 518 P3d 903 (2022). Even if the error is plain, we must exercise our discretion whether to consider the error, and such a decision "should be made with utmost caution." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

　　　　Defendant's theory at trial was that the state could not prove that defendant drove, because no witnesses observed defendant driving. The state's theory of the case was that, even though there was no direct evidence that defendant drove while intoxicated, the circumstantial evidence proved that defendant drove. During the prosecutor's closing arguments, the prosecutor said,

---

[4] The state argues that defendant did not preserve his arguments relating to OEC 701(2), *i.e.*, that the lay opinion testimony was not "helpful." We assume without deciding that that error was preserved.

"Now on redirect with both of the officers, I asked them what seemed like may be funny questions to get to the basic premise that a car doesn't wind up parked on a public roadway with the engine running, unless somebody drove it there.

"There was nobody else on scene, apart from the defendant, who could have done so. Nobody came forward and said, 'I was driving the car.'

"*And while the Defense absolutely has no obligations to put on any evidence at all, there was no evidence to the contrary that the defendant was driving the car.* Because understand right, that the questions and statements of the lawyers—that's not evidence. What is evidence are the observations of the people who were there, as well as the direct and circumstantial evidence that points to the existence of a certain fact.

"So, ladies and gentlemen, we all know that a car doesn't magically just show up, parked in the way that it was on this public roadway, with the defendant happening to be behind the wheel of the car. It—it is just unreasonable, I submit, to conclude that anyone other than the defendant got it there."

(Emphasis added.) In response, defendant argued:

"Sure, somebody drove it there, it didn't get there on its own. If someone else drove the car and my client encountered him. Maybe my client was nowhere near the car to begin with and walked up and sat down and was impaired and that's where he was encountered by officers.

"The fact is, the fact that we can play unlimited variance on this theme shows that there is reasonable doubt here. Reasonable doubt is based on common sense and reason as the Judge told you. And there's not—again, no proof that it's my client's car, no proof that he is the registered owner."

During the state's rebuttal arguments, the prosecutor responded to defendant's claims that "someone else drove the car":

"And [defense counsel] also kind of g[a]ve you this list of maybes. Right? And said that that's got to be reasonable doubt. But keep in mind that reasonable doubt has the word reasonable in it. Right? So, in order to play any sort of role, the inference that you make has to be a reasonable

one. It has to be reasonable, based on your common sense and based on your experience.

"So when he says—and it's also got to be based on evidence, too. So when he says, 'Well, maybe somebody else drove the car to where it is.'

"Perfect. Where's the evidence of that.

"'Well, maybe, you know, [defendant], just kind of got into a car that belongs to somebody else, and it was still running.'

"Where's the evidence of that. There isn't any evidence that any of these possible, plausible, maybe type excuses that [defense counsel] wants you to kind of bite off on, are the case.

"The *** chain of circumstances that the state has spelled out in this is unbroken and *uncontested*. Because, keep in mind, that just because [defense counsel]'s kind of getting *** up here and talking about these maybe's, and talking about what it's not illegal to do, you know, *he's got to convince you with evidence*. Something more than just him getting up here and saying stuff, because we can play that game all day long.

"And the reality is, is that the evidence in this case has established that chain of circumstances that points to the existence of the fact that it was the defendant who was driving the car. No one else there.

"*****

"But that's just the thing. That evidence sword that [defense counsel] is talking about, that *** establishes the facts on which you've got to make all of your decisions in this case, has to be based on evidence. The only evidence that you've heard in this case and *evidence that has gone completely uncontested* is that proof of a chain of circumstances.

"You're all reasonable people. You're all capable of applying your common sense and reason. And I submit to you that when there's no one else, when there's no evidence of any of these alternative explanations, and the only evidence that does exist points to the existence of the fact that the defendant was driving the car, that that is proof beyond a reasonable doubt."

(Emphases added.)

On appeal, defendant argues that those comments "improperly implied that defendant had a burden to produce evidence by drawing attention to defendant's failure to present additional witnesses or physical evidence to support his defense theory." A prosecutor's comments are improper if they raise "'a realistic possibility of confusing the jurors about the ultimate standard or burden of proof.'" *State v. Mayo*, 303 Or App 525, 531, 65 P3d 267 (2020) (quoting *State v. Totland*, 296 Or App 527, 531, 438 P3d 399, *rev den*, 365 Or 502 (2019)). "In arguing that the state has met its burden to prove all elements of a crime beyond a reasonable doubt, a prosecutor 'may attempt to persuade the jury that it should believe one version of the events and not another.'" *Totland*, 296 Or App at 530-31 (quoting *State v. Purrier*, 265 Or App 618, 620-21, 336 P3d 574 (2014)). We do not review a prosecutor's arguments in a vacuum, but rather, we review the arguments in context to determine whether they would have misled the jury about the state's burden to prove defendant guilty beyond a reasonable doubt. *Purrier*, 265 Or App at 621.

When viewing the closing arguments in context, the purported error is not obvious or beyond dispute, because the jury reasonably could have understood the prosecutor's arguments that defendant had "to convince [the jury] with evidence," as an argument about how the jury should assess defendant's theory of the case—that someone other than defendant drove the car to the location where it was found—in light of the evidence presented during trial. *See Purrier*, 265 Or App at 622 ("In our view, it is unlikely that the jury would have understood the prosecutor's subsequent statements about the parties' competing 'stories' as anything other than advocacy about how the jury should assess the credibility of the witnesses, including the victim."); *see also State v. Monsebroten*, 106 Or App 761, 766, 809 P2d 1366, *rev den*, 311 Or 482 (1991) ("The state explained the lack of evidence to support those speculations throughout its rebuttal argument. The prosecutor's comment did not imply that defendant had the burden to prove anything, only that the state had met its burden of proof and that there was no contradictory evidence. *** Taken in context, the jury was not

likely to draw any prejudicial inference from the prosecutor's comment.").

Defendant argues that our holding in *Mayo*, involving a preserved error, requires that we determine on plain error that the prosecutor impermissibly shifted the burden of proof. We conclude that *Mayo* is distinguishable from this case. In *Mayo* the prosecutor's arguments implied that the defendant should have presented *corroborating evidence*— beyond the defendant's own testimony—to support his theory of the case. 303 Or App at 537-38 ("The prosecutor's comments were that defendant failed to provide additional evidence to corroborate his testimony that he did not have knowledge of the methamphetamine. *** [T]he prosecutor's argument improperly shifted the burden to defendant by inviting the jury to convict defendant for failing to call witnesses to create a reasonable doubt about his knowledge of the methamphetamine in his backpack."). In this case, however, the jury could have understood the prosecutor to be explaining that the evidence before the jury did not support defendant's theory of the case, and defendant, during closing arguments, had not pointed to any evidence in the record to support his theory.

Therefore, the error is not plain, because it is not obvious or beyond dispute that the prosecutor's arguments were improper.

Affirmed.