796 December 11, 2024 No. 901

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAEMON MORGAN STAMPS,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR58837; A180567

Todd L. Van Rysselberghe, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant waived his right to a jury and was convicted after a bench trial on three counts of first-degree sexual abuse. On appeal, defendant advances two assignments of error, neither of which is preserved. First, he argues that the prosecutor mischaracterized the burden of proof during closing arguments, and that the court should have declared a mistrial *sua sponte*. Second, he contends that the trial court's speaking verdict demonstrates that the court convicted him based on an erroneous understanding of the burden of proof. We reject both arguments and affirm.

*Prosecutorial misconduct.* In his first assignment of error, defendant contends that the prosecutor repeatedly framed the closing argument in terms of a lack of evidence to sustain a finding of reasonable doubt, thereby shifting the burden of proof to defendant. We agree with the state that, viewing the prosecutor's statements in context, the claimed error is not obvious or beyond dispute. *See State v. Chitwood*, 370 Or 305, 311, 518 P3d 903 (2022) ("The first step in a plain error analysis is to determine whether the claimed error is 'plain,' which, in turn, involves examining the following three factors: (1) whether the claimed error is one of law; (2) whether the claimed error is obvious and not reasonably in dispute; and (3) whether the claimed error appears on the record."). The trial court reasonably could have understood those arguments to be directed at how it should assess defendant's theory of the case based on the evidence presented at trial, as opposed to an argument that defendant had any burden to produce evidence or to establish reasonable doubt. *See State v. Brannan*, 332 Or App 36, 42, 549 P3d 19 (2024) (concluding that a prosecutor's arguments were not obviously improper where a jury could have understood them as an explanation that the evidence before the jury did not support defendant's theory of the case). And, even if we were to assume that the prosecutor's closing arguments misstated the burden of proof, the error could have been remedied if defendant had objected. *See State v. Miller*, 327 Or App 740, 753-54, 537 P3d 191, *rev den*, 371 Or 715 (2023) ("This was a bench trial. We have no doubt that the trial judge would have been able to disregard those

statements if defendant had objected and the court had stricken them. It will be the rare case in which an improper statement made by an attorney in closing argument to the court is so prejudicial that the court is legally required to declare a mistrial.").

*Speaking verdict.* In his second assignment, defendant argues that the trial court's speaking verdict demonstrates that the court, influenced by the prosecutor's erroneous closing arguments, misunderstood the state's burden of proof and the concept of "reasonable doubt." Defendant points to a part of the court's explanation of its reasoning in which the court stated, "To find reasonable doubt, the Court would have to conclude it defies reason that the Defendant would enter a room of sleeping people to quietly sexually abuse [E]. Taking into consideration all the evidence, the Court is not able to find reasonable doubt on the facts presented." According to defendant, those statements show that the court erroneously believed reasonable doubt to be a factual finding that needed to be established by the evidence in the record, and that it required the defense to convince the court of the existence of reasonable doubt rather than hold the state to its burden to prove defendant's guilt beyond a reasonable doubt.

Read in isolation, the court's references to being able to "find reasonable doubt" might be susceptible to defendant's view of the verdict. However, that is not how we evaluate a court's speaking verdict; we "do not look at individual statements in isolation, but rather consider them in the context of the parties' arguments and the ruling as a whole." *State v. Spieler*, 302 Or App 432, 440, 460 P3d 535 (2020). Defendant's closing argument emphasized the state's burden of proof, pointed out that the state's case rested on one witness, E, and then told the court that it needed to assess "everything else that goes around that to whether or not there is doubt as to whether that is true and whether or not that has been proven to be true beyond a reasonable doubt." Defendant pointed to aspects of the record that, in his view, made E's version of events implausible, including that the abuse allegedly happened in a crowded place where people were sleeping. The prosecutor's rebuttal addressed

those "possible reasonable doubts" and the lack of evidence to support defendant's theory of the case—arguments that, as noted above, did not plainly misstate the state's burden of proof.

The court began its speaking verdict by explaining that the state has the burden of proof and noting that "[d]efendant denies the allegations and highlights facts to support reasonable doubt." The court then categorized defendant's theories about why doubt exists as to E's version of events, which culminated in the court's conclusion that it could not "find reasonable doubt on the facts presented." Given that context, the trial court's choice of words around reasonable doubt does not demonstrate an obvious misunderstanding of the law so as to constitute plain error; rather, the verdict can be plausibly understood to reflect the court's expression of why, as a factfinder, it did not have reasonable doubt about defendant's guilt on the record before it. *See id.* ("Although some of the trial court's phrasing during its speaking verdict may not have been as clear as ideal, we disagree that what the court said reveals a fundamental misunderstanding of the law.").

Affirmed.