104 April 23, 2025 No. 364

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARTIN ROBERT EASTERDAY,
*Defendant-Appellant.*

Grant County Circuit Court
22CR59273; A181798

Robert S. Raschio, Judge.

Submitted February 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma McDermott, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for appellant. On the reply brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the briefs for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for second-degree criminal mischief, ORS 164.354, following a domestic dispute in which he damaged the kitchen sink faucet at his grandfather's house while intoxicated. He argues that the trial court plainly erred by admitting testimony from the arresting officer that defendant requested an attorney, and relying on that evidence for an improper purpose. For the reasons explained below, we conclude that the trial court did not plainly err, and therefore affirm.

Plain error review involves a two-step inquiry in which we first determine whether the error is plain, and second, whether to exercise our discretion to consider and correct the error. ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Defendant argues that the trial court plainly erred in admitting the evidence that he invoked his right to counsel because it was irrelevant and risked the factfinder drawing an improper inference of guilt. We disagree that it was "obvious and not reasonably in dispute" that the evidence could not be admitted. *Id*. Defendant's intoxication and its potential effect on his mental state was a central issue in defendant's trial. The prosecutor elicited the testimony in the context of establishing that defendant was lucid, and thus, capable of having the requisite intent for criminal mischief. *See* ORS 164.345(1) ("A person commits the crime of criminal mischief *** if, with the intent to cause substantial inconvenience to the owner or to another person *** the person tampers or interferes with property of another."). The defense attorney cross-examined the witness regarding the same. Because the evidence was relevant for a permissible purpose, it was not obvious that *sua sponte* intervention was required. *See* OEC 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence."); *State v. Turnidge (S059156)*, 359 Or 507, 512-13, 373 P3d 138, *cert den*, 580 US 1021 (2016) ("The threshold for admissibility under [the OEC 401] relevancy standard is very low—as long as the evidence, based on logic and experience, can support a reasonable inference that is material to the case, then the evidence is sufficiently relevant to be admissible, even if that is not the only inference that the evidence would support." (Internal quotation marks omitted.)); *State v. Smallwood*, 277 Or 503, 505-06, 561 P2d 600, *cert den*, 434 US 849 (1977) (concluding that evidence that the defendant exercised his right to remain silent and have his attorney present during a psychiatric evaluation was relevant and admissible for the purpose of showing the depth and circumstances of the examination).

It is also not obvious that the trial court relied on that evidence for an impermissible purpose. Defendant asserts that the trial court relied on defendant's request for counsel to infer defendant's consciousness of guilt, based on the following statement by the trial court: "[Defendant's] acts were intentional based upon his interactions with [the arresting officer] and understanding the gravity of the situation, requesting counsel, it shows he was aware of and was thinking about his circumstances and understood that there were potential issues with his conduct." However, when read within the context of the parties' arguments at trial, it is not "apparent on the record without * * * choosing among competing inferences" that the trial court relied on defendant's request for counsel to draw an impermissible inference. *Vanornum*, 354 Or at 629. Rather, as discussed above, the trial court may have been relying on the evidence to conclude that defendant was lucid—a conclusion that is not obviously impermissible under plain error review. *See State v. Spieler*, 302 Or App 432, 439, 460 P3d 535 (2020) (explaining that in reviewing a court's speaking verdict, "we do not look at individual statements in isolation, but rather consider them in the context of the parties' arguments and the ruling as a whole"); *State v. Veatch*, 223 Or App 444, 455-56, 196 P3d 45 (2008) (explaining that context is determinative when assessing whether a reference to invocation led to an impermissible inference).

Affirmed.