No. 1029          November 26, 2025          277

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY DESHAWN HARRIS, JR.,
aka Timothy Deshawn Harris,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR08511; A182127

Jenna R. Plank, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant. Timothy D. Harris, Jr., filed the supplemental briefs *pro se.*

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for first-degree sodomy, first-degree kidnapping, attempted first-degree rape, second-degree assault, and unlawful use of a weapon. On appeal, defendant raises four assignments of error through counsel, challenging comments the prosecutor made during closing arguments, the denial of his motion for a new trial, and his consecutive sentences. Defendant also raises two *pro se* supplemental claims of error, contending that the trial court erred in allowing defense counsel to make a comment during closing argument to correct a misstatement and in empaneling a jury. We affirm.

*Prosecutor's statements during closing argument.* In his first claim of error, defendant contends that the trial court plainly erred in allowing the prosecutor to make improper statements that ultimately deprived him of a fair trial. Defendant, accused of sexually assaulting the victim, argued at trial that the contact was consensual. In closing, the prosecutor argued that that defense "doesn't make sense" for several reasons, including that there was "zero evidence" and "no evidence in the record" to corroborate defendant's account. Defendant contends that that comment, and ones similar to it, amounted to an improper comment on "a defendant's failure to present or contradict evidence." *See State v. Skotland*, 326 Or App 469, 478, 533 P3d 55, *vac'd and rem'd on other grounds*, 372 Or 319, 549 P3d 534 (2024) (describing prohibition on a prosecutor commenting on a defendant's failure to produce evidence).

An unpreserved challenge to prosecutorial statements made during closing argument does not amount to plain error unless the statements were obviously improper. *State v. Perez*, 373 Or 591, 607, 568 P3d 940 (2025); *see also State v. Wiltse*, 373 Or 1, 10, 559 P3d 380 (2024) (A plain error is (1) an "error of law"; (2) "obvious, not reasonably in dispute"; and (3) "apparent on the record." (Internal quotation marks omitted.)). It is not "obvious" that the prosecutor's statements here—including that there was "no evidence" to support defendant's theory of the case—improperly suggested that defendant had the burden to present that evidence. The prosecutor never suggested that defendant was

obligated—yet failed—to provide evidence to support his theory of the case. Instead, the prosecutor pointed out that there was no evidence in the record, a statement that falls well within the bounds of appropriate advocacy. *See State v. Brannan*, 332 Or App 36, 42, 549 P3d 19 (2024) (holding that an argument was not improper where it suggested that defendant had "to convince [the jury] with evidence" and thus how the jury should assess defendant's theory of the case in light of the evidence presented during trial). It is not obvious that the prosecutor made improper comments that would have created "some realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *State v. Purrier*, 265 Or App 618, 621, 336 P3d 574 (2014).

*Denial of motion for new trial.* In his second assignment of error, defendant contends that the trial court erred when it denied defendant's motion for a new trial. Defendant moved for a new trial three months after the jury's verdict, based on newly discovered evidence. Defendant maintained that he had met a person in jail who could "alibi him," a person who said that she was with defendant in Vancouver (not in Portland, where the victim was attacked) and had been with defendant during the time that the attack happened.

The trial court denied defendant's motion. It concluded that there was significant corroborating evidence that defendant had committed the offenses, including defendant's DNA on the victim, the consistency and plausibility of the victim's account, and the close match between defendant's physical traits and those of the person on the surveillance footage. The court further found that the person who defendant claimed could "alibi him" would be subject to impeachment given her extensive criminal history, that her claim that she was with defendant "every minute" of the relevant time frame was not credible, and that her testimony did not directly contradict the evidence offered by the state because it was possible that defendant had left Vancouver and met the victim in Portland. In the court's view, then, the newly discovered evidence would not probably change the result of the trial. *State v. Dikeos*, 330 Or App 698, 707, 544 P3d 1020, *rev den*, 372 Or 718 (2024) (a new trial is appropriate if the court finds that the evidence is "such as will

probably change the result if a new trial is granted" (internal citation omitted)); *see also*, *e.g.*, *State v. Disorbo*, 54 Or App 877, 884-85, 636 P2d 986 (1981) (reasoning that a newly discovered witness's lack of credibility stemming from his inconsistencies and criminal record made it improbable that his testimony would change the result of the trial).

We review for abuse of discretion, *Disorbo*, 54 Or App at 882, mindful that motions for new trials should be granted "sparingly." *Greenwood Products v. Greenwood Forest Products*, 357 Or 665, 682-83, 359 P3d 219 (2015) (internal citations omitted). We conclude that the trial court did not abuse its discretion. For the reasons that it outlined in denying defendant's motion—including the physical and corroborating evidence and the new witness's lack of credibility—the newly discovered evidence would not probably change the result if the court granted the motion.

*Consecutive sentences.* In his third and fourth assignments of error, defendant argues that the trial court erred in imposing consecutive sentences. At sentencing, the trial court concluded that defendant's sentence for attempted first-degree rape should run consecutive to his sentence for first-degree sodomy because "there was a harm unique to [the attempted rape] that was qualitatively different from the sodomy in the first degree." The trial court further concluded that one of defendant's sentences for second-degree assault should run consecutive to the sodomy and attempted rape sentences because of the "harm that is unique to that offense that is greater than just a Sodomy in the First Degree and greater than *** an Attempted Rape in the First Degree. And it is qualitatively different ***."

On appeal, defendant contends that the record does not support a finding that defendant's conduct underlying each offense created a risk or realization of greater or qualitatively different harms. *See* ORS 137.123(5)(b) (consecutive sentences are warranted for separate convictions arising out of a continuous and uninterrupted course of conduct when the offense "caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim" than another offense).

We review a trial court's imposition of consecutive sentences for legal error "and to determine whether the trial court's predicate factual findings are supported by any evidence in the record," *State v. Traylor*, 267 Or App 613, 615-16, 341 P3d 156 (2014), and affirm.

We begin with the sentence on the attempted rape conviction, which the court ordered to be served consecutively to the sodomy conviction. Defendant committed sodomy by forcing the victim to perform oral sex on him at gun point. Defendant then committed attempted rape when, after ordering the victim to get up and move to stand against the wall of a building nearby, defendant told the victim to pull down her pants and held something sharp to her neck. Defendant's conduct in committing attempted rape caused harm to the victim that was qualitatively different from that caused by the forcible oral sodomy. *See State v. Tajipour*, 299 Or App 219, 228, 450 P3d 523 (2019), *rev'd on other grounds*, 366 Or 551 (2020) ("We reject defendant's assertion that all compelled sexual contact creates the same harm. *** [A] woman who has been (or is going to be) sexually assaulted in other ways but has not been attacked vaginally may experience additional and distinct sensations of terror, pain, and violation when she realizes that her assailant is forcibly touching her genital area or is attempting to do so."). Therefore, the trial court did not err when it imposed a consecutive sentence on the attempted rape conviction.

Similarly, the harm and injury stemming from the assault was different than that of the sodomy and attempted rape. Defendant was convicted of assault based on his acts of repeatedly striking the victim in the head with a gun after she stopped performing oral sex on him. As the trial court concluded, repeatedly striking the victim with a gun caused and risked a degree of physical injury not associated with the force used to commit the sodomy and attempted rape. Therefore, the trial court did not err when it imposed a consecutive sentence for the assault conviction.

*Defense counsel statement during closing argument.* In his first *pro se* supplemental assignment of error, defendant contends that the trial court committed plain error by allowing defense counsel to argue that defendant's inability

to remember a person with whom he had consensual sex in 2016—*i.e.*, the victim—did not make him guilty: "Because he can't remember a girl that he had oral sex with in 2016 at 3:30 in the—sometime—I just made it sound like he's the attacker—sometime during that timeframe. He doesn't remember her." Defendant contends that the aside, "I just made it sound like he's the attacker," rendered his trial fundamentally unfair.

His claim of error is unpreserved and we cannot say that counsel's comment was obviously improper. In isolation, it is difficult to apprehend exactly what defense counsel was trying to argue or what their point was. Given that, it is difficult to say that the comment was so egregious that it deprived defendant of a fair trial. That holds particularly true considering that in the remainder of counsel's closing remarks, they repeatedly argued that, even if defendant could not remember the victim, that did not make him guilty, pointed to inconsistencies in the victim's statements and in law enforcement's actions, and highlighted the lack of corroborating evidence. To the extent that defendant places the blame for not objecting on his counsel, that is a claim of error that defendant cannot advance on direct appeal. *See State v. Dell*, 156 Or App 184, 188, 967 P2d 507, *rev den*, 328 Or 194 (1998) ("[C]laims of inadequate assistance of counsel may not be raised on direct appeal.").

*Empaneling a jury.* In his second *pro se* supplemental claim of error, defendant contends that the trial court plainly erred when it assembled the petit jury from a pool that included only two Black jurors who were "intentionally placed" toward the end of the jury selection. The record does not contain *voir dire* transcripts or jury questionnaires, and there is no evidence that jurors were intentionally placed in a certain order. In the absence of a record to support his claim of error, we cannot reach it, particularly in the plain-error context.

Affirmed.