780 December 11, 2024 No. 897

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELISEO TELLEZ-SUAREZ,
*Defendant-Appellant.*

Washington County Circuit Court
17CR50926; A180099

Brandon M. Thompson, Judge.

Argued and submitted October 22, 2024.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of conviction for first-degree unlawful sexual penetration, ORS 163.411, and two counts of first-degree sexual abuse, ORS 163.427, for acts committed against his stepdaughter, M, when she was 9 to 10 years old. On appeal, defendant raises four assignments of error, challenging: (1) a statement by the prosecutor in rebuttal closing argument to which defense counsel objected; (2) a different statement by the prosecutor in rebuttal closing argument to which defense counsel did not object; (3) the trial court's decision not to give the witness-false-in-part instruction; and (4) the denial of defendant's motion for a judgment of acquittal (MJOA) on the charge of unlawful sexual penetration. We affirm.

*Prosecutorial misconduct (preserved).* Toward the end of rebuttal closing, the prosecutor stated, "To believe this didn't happen, you must believe that a 10-year-old child decided to falsely allege sexual abuse." He continued that, if M was lying, she would have had to fabricate specific details of the abuse, go through months of therapy, and pretend to be in distress during her testimony. He concluded, "To believe this didn't happen, you've got to believe all this." Defendant objected to those statements as "burden shifting," because the prosecutor was "saying [the jury] ha[s] to believe" something.

Defendant assigns error to the overruling of his objection. He argues that the challenged statements "distort the burden of proof" in two ways: first, by "tell[ing] the jury that it has two choices," which "eliminates the third and very real possibility of reasonable doubt" and, second, by "tell[ing] the jury that to acquit defendant, he must convince them that the child is lying, whereas under the law the burden is on the state to convince them that the child is telling the truth."

"We review a trial court's decision to overrule an objection to closing arguments for abuse of discretion." *State v. Totland*, 296 Or App 527, 531, 438 P3d 399, *rev den*, 365 Or 502 (2019). We will reverse on appeal if the "argument was improper, properly challenged, and likely to prejudice

the jury unfairly." *Id.* (internal quotation marks omitted). Here, the state first challenges preservation, but we agree with defendant that he adequately preserved his claim of error. As for the merits, we agree with the state that the prosecutor's statements, in context, were not improper.

In arguing that the state has met its burden of proof, a prosecutor may "attempt to persuade the jury that it should believe one version of events and not another." *State v. Purrier*, 265 Or App 618, 620, 336 P3d 574 (2014). A prosecutor may not, however, "inappropriately characterize the jury's fact-finding function in a manner that raises some realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *Id.* at 621.

Here, the trial court instructed the jury, including accurately instructing on the burden of proof. The parties then made closing arguments, with both parties focusing on M's credibility. Early in his closing, the prosecutor acknowledged that, if the jury did not believe M's testimony, it should acquit defendant. The prosecutor then spent most of his closing making arguments from the evidence as to why M was credible. Defendant in his own closing argued that the jury should doubt, if not discredit, M's testimony, because there was reason to believe that she had pulled the allegations against defendant "out of thin air" or otherwise was being dishonest. Defendant ended his closing by stating, "This case isn't that complicated. This is one person's word against someone else's and then someone else standing in front of you and saying that it's been proven and it simply hasn't." In rebuttal, the prosecutor again argued that the jury should "believe M," again pointing to evidence of her credibility.

On this record, we are unpersuaded that the challenged statements created a realistic possibility of confusing the jurors as to the burden of proof. In context, the jury would have understood the prosecutor to be arguing that it should believe M's version of events and, on that basis, find that the state had proved its case under the applicable burden of proof. That is, nothing in the prosecutor's closing arguments would have led the jury to think that—in contravention of its instructions—it could find defendant guilty

even if it was not convinced beyond a reasonable doubt that M was telling the truth. *See id.* at 622 ("In our view, it is unlikely that the jury would have understood the prosecutor's subsequent statements about the parties' competing 'stories' as anything other than advocacy about how the jury should assess the credibility of the witnesses, including the victim."). Because there was not a realistic possibility on this record that the jury would have been confused about the burden of proof, the trial court did not err in overruling the objection.

*Prosecutorial misconduct (plain error).* The prosecutor finished his rebuttal closing argument by stating, "It's been a horrible, long, painful journey for [M]. Six years in the making. Six years leading up to this moment right here, right now. *The 13 of you in this room, the opportunity through your verdict to say beyond a reasonable doubt, we believe [M].*" (Emphasis added.)

Defendant challenges the italicized statement on appeal. Because he did not object to that statement at trial, he seeks plain-error review. *See* ORAP 5.45(1) (allowing discretionary plain-error review of unpreserved claims of error). Plain error exists in this context only when "it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted). "[P]rosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (emphasis in original).

We are unpersuaded that the prosecutor's statement was obviously improper, let alone so egregious as to be incurable, thus denying defendant a fair trial. Defendant argues that the statement was "an impermissible appeal [to the jury] to decide the case based on sympathy for the complaining witness" and that, "in combination with the prosecutor's distortion of the burden of proof, defendant did not receive a fair trial." *See Chitwood*, 370 Or at 315 ("[A] prosecutor may not encourage the jury to decide the case on an improper basis."). Although the prosecutor did paint M as a

sympathetic victim and impressed upon the jury the seri-
ousness of its task, the challenged statement did not urge
the jury to decide the case on emotion. Instead, in context,
it urged the jury to make a credibility finding based on the
evidence, with specific reference to the correct burden of
proof. The statement is not a basis for plain-error reversal.

*Witness-false-in-part instruction.* Defendant next
argues that the trial court erred by denying his request
for the witness-false-in-part instruction. A jury is "to be
instructed by the court on all proper occasions *** [t]hat
a witness false in one part of the testimony of the witness
may be distrusted in others." ORS 10.095(3). That instruc-
tion must be given whenever the evidence viewed in the
light most favorable to the requesting party is sufficient "for
the jury to decide that at least one witness consciously tes-
tified falsely" on a "material issue." *State v. Payne*, 366 Or
588, 607, 468 P3d 445 (2020). It is legal error to refuse the
instruction when it is "timely requested and legally correct."
*Id*.

Here, defendant argues that, viewed in the light
most favorable to him, the evidence was sufficient for the
jury to decide that M's mother consciously lied when she tes-
tified to having reported M's allegations to the Department
of Human Services (DHS) on the "same Monday" that she
took her other daughter to see a therapist and the thera-
pist told M's mother to report right away. When asked about
the timeline on cross-examination, M's mother said that she
thought that M made the allegations on a Sunday and that
she reported them on the Monday but acknowledged that
she was "not very sure." After being shown a DHS report
and a calendar, M's mother agreed that the therapist visit
and DHS report actually occurred on the Friday of that
week, not the Monday, and therefore was five days after M
made the allegations.

The trial court did not err in declining to give the
witness-false-in-part instruction on this record. The event
in question occurred nearly six years before trial, and M's
mother readily admitted to the correct day after looking
at the DHS report and a calendar. The record suggests a
memory lapse and does not allow a reasonable inference

of conscious lying. *See id.* at 608 (holding that the instruction should have been given where, viewed in the light most favorable to the defendant, a witness's "repeated denials amount[ed] to more than an honest mistake, confusion, or hazy recollection"); *State v. Kinstler*, 307 Or App 517, 523, 478 P3d 595 (2020) (explaining that the instruction is not warranted where discrepancies "are of the type that suggest lapses in memory," rather than allowing a reasonable inference of conscious lying).

*MJOA.* Lastly, defendant argues that the trial court erred by denying his MJOA, because the trial evidence was legally insufficient to prove the penetration element of first-degree unlawful sexual penetration. *See* ORS 163.411(1) (defining the offense to include penetration of the vagina of a child under 12 years old with an object other than the actor's penis or mouth); *State v. Hoover*, 250 Or App 504, 507, 280 P3d 1061, *rev den,* 352 Or 564 (2012). ("The offense is committed by penetration of the vagina; 'slight' penetration of the vagina is sufficient."). On review of the denial of an MJOA, we must examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We agree with the state that the evidence in this case—particularly M's testimony at defendant's first trial (which was admitted at his second trial as evidence from a prior "hearing")—was legally sufficient to allow the jury to find that penetration was proved. The trial court did not err in denying the MJOA.

Affirmed.