742 April 16, 2025 No. 338

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM ROBERT CARLSON,
*Defendant-Appellant.*

Washington County Circuit Court
21CR17191; A181371

Donald R. Letourneau, Senior Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Affirmed.

_____
* Lagesen, Chief Judge *vice* Mooney, Senior Judge

**HELLMAN, J.**

Defendant appeals a judgment of conviction for three counts of first-degree sexual abuse, ORS 163.427. On appeal, defendant makes arguments under *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022), contending that the prosecutor made statements in closing argument and rebuttal that rise to the level of plain error because they denied him a fair trial. We affirm.

Defendant challenges two statements. The prosecutor made the first challenged statement during the state's closing argument:

"[Prosecutor]: And I expect that when you consider all the evidence that you've heard, all the exhibits that have been admitted, you will come to the conclusion that [the victim] is believable and she describes something that actually happened to her. And that's really—you have three possible things for this case, right? You have one, this actually happened. Two, he touched her, *but it was misunderstood or mis—maybe mis—you know, she didn't describe what actually had gone down*, which that's not a defense, that's not what's been presented. And then three, that she *completely made this up for no reason.* And that's—and those all can exist at the same time, right, it either happened or didn't happen."

(Emphasis added.) Defendant contends that the italicized portion above was a "prejudicial misstatement of the standard of proof" because it suggested that "the only way [the jury] could fail to convict defendant" was if it found that the victim had "completely made this up for no reason."

The prosecutor made the second challenged statement during the state's rebuttal argument:

"[Prosecutor]: When you are considering this case—so nothing that we say in openings or closings is evidence. The evidence that you've heard is just in this little box of testimonies, what's after our openings and before our closings. And the Defense put on a case—and I don't—so again, the State has the burden of proof. The Defense doesn't have any obligation to put on any evidence, but it is important that I address that.

> "All the evidence that you've heard is that this hap-
> pened and that she was touched. *The only evidence that
> you've heard that this didn't happen is the self-serving testi-
> mony of the Defendant who's on trial, which is completely not
> credible, in contradiction to a lot of the objective evidence.*"

(Emphasis added.) Defendant contends that the italicized statement was "improper and misleading" because it shifted the burden of proof to defendant. Defendant did not object to either of the statements below and asks that we review for plain error. *See Chitwood*, 370 Or at 312 (in the context of an unpreserved challenge to a prosecutor's statements, "appellate review is permitted, and reversal may be warranted if it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial" (internal quotation marks omitted)).

The trial court did not plainly err. The prosecutor's first challenged statement suggested to the jury three possible ways to interpret the victim's testimony—she was being truthful, she was mistaken, or she was lying. Read in context, the statement did not "incorrectly describe[] the jury's task" as deciding defendant's guilt or innocence on a basis other than whether the state had proved its case beyond a reasonable doubt. *See State v. Purrier*, 265 Or App 618, 621, 336 P3d 574 (2014) (recognizing that a prosecutor would make an impermissible argument if they "describe[ed] the jury's task as choosing which of two versions of events the jury finds more believable" because such a description inaccurately defines the burden of proof and "omits the possibility, among others, that the jury would find the state's version more plausible, yet not be convinced beyond a reasonable doubt of defendant's guilt"). When considered in context, the prosecutor's second challenged statement, which was immediately preceded by a correct statement on the state's burden of proof, argued for the jury to infer based on the evidence and defendant's testimony, that defendant was not credible. *See State v. Slay*, 331 Or App 398, 404, 545 P3d 768, *rev den*, 372 Or 560 (2024) ("Advocacy, whether it be in the criminal or civil context, would be nearly impossible if attorneys were not able to comment on a witness's credibility, provided that their argument is grounded in the evidence in the record.").

Further, even if the statements were improper, they do not meet the standard for plain-error review because they could have been adequately addressed by a curative instruction. *See State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (explaining that "prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial" (emphasis in original)).

Affirmed.