No. 674 July 30, 2025 243

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER LEE SIMS,
*Defendant-Appellant.*

Columbia County Circuit Court
21CR28950; A182516

Denise E. Keppinger, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for harassment, ORS 166.065, and disorderly conduct, ORS 166.025, following a road rage incident in which he pushed C, another driver, onto a highway. Defendant assigns two errors on appeal: (1) that the trial court abused its discretion in not granting a mistrial following the prosecutor's comments in his opening statement; and (2) that the trial court plainly erred by not intervening when the prosecutor made statements that defendant contends impermissibly shifted the burden of proof. We affirm.

C and his coworker, Z, were driving on a highway when a truck, later identified as driven by defendant, "cut [them] off." Defendant lowered his speed to under 10 miles per hour forcing Z, who was driving, to pull over to the side of the highway. Defendant and C exited their vehicles, and when C asked if defendant needed help, defendant called them "stupid Mexicans." Defendant continued to yell other obscenities, and as C turned around to return to his vehicle, defendant pushed him into traffic. Another driver, an elderly man, noticed that commotion and pulled over to the side of the road to help C. Defendant began to argue with that man as well and then pushed C again, causing him to drop his phone. The man grabbed it and used it to call 911. Defendant then returned to his truck and drove away, almost running over the man with his truck.

Oregon State Trooper Cowen received a call about the incident and headed to that location. Cowen saw defendant's vehicle, pulled him over, and explained that there "was some sort of disturbance between him and another" person. Soon thereafter, defendant was placed under arrest and transported to the police station. During that ride to the police station, defendant was confrontational with Cowen. Ultimately, a jury found defendant guilty of harassment and disorderly conduct for his actions toward C. On appeal, he raises two assignments of error relating to the prosecutor's opening and closing statements, respectively.

Defendant first assigns error to the denial of his motion for a mistrial after the prosecutor, during his opening

statement, commented on evidence that was later excluded. In his opening statement, the prosecutor began to describe defendant's belligerent behavior post-arrest. Defense counsel objected, and outside the presence of the jury, defense counsel contended that the prosecutor was referencing that behavior only "to inflame the jury [and] to cause prejudice towards" defendant. The court overruled defense counsel's objection, but noted that, depending on how the testimony "unfold[s]," defense counsel can "raise those objections again." The prosecutor finished his opening statement explaining to the jury that Cowen is expected to testify that defendant's behavior was "confrontational and tumultuous" following his arrest.

Defense counsel "re-raised" his objection regarding Cowen's "pending testimony," arguing that the anticipated testimony was unduly prejudicial. The trial court agreed and "limit[ed]" Cowen's testimony to exclude any "name calling that occurred while" defendant was being arrested. The trial court then offered to give a curative instruction. Defense counsel, however, contended that a curative instruction "will not be sufficient," and moved for a mistrial, arguing "it's too late. I think that bell is rung." The trial court denied defense counsel's motion for a mistrial, concluding that a curative instruction would be sufficient to cure any prejudice. The trial court planned to give a curative instruction following closing arguments, and defense counsel did not raise any concerns with the timing of that instruction. As promised, the trial court gave a curative instruction following closing arguments that explained, twice, that opening statements were not a part of the evidentiary record. On appeal, defendant renews his argument that the prosecutor's comments were unduly prejudicial and also contends that the court's curative instruction was insufficient to remedy the harm.[1]

The denial "of a motion for a mistrial is reviewed for abuse of discretion, and [we] will not reverse a conviction on that basis unless the defendant was denied a fair trial." *State v. Schumacher*, 315 Or App 298, 301, 500 P3d 698 (2021). We conclude that the trial court did not abuse its discretion. The

___

[1] Defendant also argues that the prosecutor vouched for Cowen's credibility during that opening statement. However, because that argument is unpreserved and defendant does not request plain error review, we do not address it. *State v. McIntire*, 328 Or App 328, 335, 537 P3d 608 (2023), *rev den*, 327 Or 26 (2024).

prosecutor did not emphasize Cowen's "expected testimony or its value in establishing defendant's guilt." *State v. Davis*, 345 Or 551, 588, 201 P3d 185 (2008). Rather, the prosecutor described Cowen's expected testimony in conjunction with C's and Z's anticipated testimony and did not refer to the testimony again during trial. And the reference came during opening statements which "pose less danger to a defendant's right to a fair trial than when inadmissible evidence is placed before the jury during the trial." *Id.* at 587-88 (concluding that the defendant was not denied a fair trial even though the prosecutor stated during opening statements that a witness—who never appeared or testified—was expected to testify that the defendant confessed to murders). Finally, the trial court provided a curative instruction at the conclusion of the trial, informing the jury (twice) that opening statements are not evidence, mitigating any prejudicial impact of the prosecutor's statements. *See State v. Martineau*, 317 Or App 590, 594, 505 P3d 1094, *rev den*, 370 Or 197 (2022) (observing that "we assume that the jurors follow the court's instructions, unless there is an overwhelming probability that they are unable to do so" (internal quotation marks omitted)). Given those circumstances, the trial court did not abuse its discretion in denying a mistrial. *Davis,* 345 Or at 588.

In his second assignment of error, defendant contends that the prosecutor impermissibly shifted the state's burden of proof to defendant. He identifies the following two statements during the prosecutor's closing to support that contention:

> "[Prosecutor]: * * * I want to talk not more about the inconsistent parts but about the consistent parts. One thing was very, very clear. And that is what [defendant] did that day. Nobody seemed to disagree about that. There may be some little disagreements about when he was standing here versus there. *But nobody presented information that said I saw what happened and nobody shoved anyone, for example, or nobody said this phrase or did this thing.* What happened was consistent."

> "* * * * *

> "[Prosecutor]: [C] goes to intervene and gets pushed towards traffic again a second time. At this point people start calling the police. And [defendant] speeds off. And he

speeds off in a way that [C] is put into great fear that he's gonna hit this old man that pulled over.

"*Those facts, nothing has been presented today to dispute those facts.* And that's okay. It's my job to prove what happened that day. Yes. And evidence has been presented today that has been very consistent about those series of events."

(Emphases added.)

Defendant argues that those emphasized comments from the prosecutor "suggested that defendant had the burden to produce evidence to dispute the state's theory of the case." Defendant did not raise that argument below, but requests plain error review.

The "preliminary question" in a plain error analysis challenging a prosecutor's alleged improper comments is "whether defendant has shown that" those prosecutorial comments are obviously "'improper.'" *State v. Perez*, 373 Or 591, 606, 568 P3d 940 (2025) (quoting *State v. Chitwood*, 370 Or 305, 313, 518 P3d 903 (2022)). An affirmative answer "trigger[s] the central inquiry established in *Chitwood*: whether the improper comments were 'so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all circumstances, that the defendant received a fair trial.'" *Id.* (quoting *Chitwood*, 373 Or at 312).

The prosecutor's comments were not improper at all, let alone obviously so. Over the course of the trial, defense counsel pointed to inconsistencies between C's testimony and his initial statements to police officers on the day of the incident. The prosecutor attempted to mitigate those inconsistencies during closing argument by pointing out that the legally significant facts were undisputed—that is, that regardless of any inconsistencies in witness testimony, testimony as to those key facts was consistent. It is within that context that the prosecutor made the two statements that defendant identifies as improper.

The first prosecutorial statement that defendant points to—"nobody presented information that said I saw what happened and nobody shoved anyone, for example, or nobody said this phrase or did this thing"—was, in fact, not

improper because the prosecutor derived that argument from evidence in the record. The prosecutor introduced that statement by observing that he wanted "to talk not more about the inconsistent parts but about the consistent parts," meaning he was describing testimony that was unrefuted. Following that statement, the prosecutor explained how the evidence—mainly Z's and Cowen's testimony—was "consistent" with C's testimony.

Similarly, the second comment that defendant identifies as improper—"[t]hose facts, nothing has been presented today to dispute those facts"—was also grounded in the evidentiary record and responsive to defendant's arguments. That comment too came up in the context of the prosecutor discussing the *lack* of inconsistencies in the record. As noted, prior to that comment, the prosecutor argued that the evidence adduced over the course of the trial was consistent as to the key facts: C was pushed towards traffic, defendant sped off, and while speeding away, defendant almost hit another individual. The prosecutor immediately followed that statement up with a clarification to ensure that his argument would not be interpreted to shift the burden of proof but rather to describe the consistent portions of the evidentiary record: "It's my job to prove what happened that day. Yes. And evidence has been presented today that has been very consistent about those series of events."

Because the prosecutor's statements were based on the evidence in the record, they were not improper. *See State v. Martinez*, 335 Or App 103, 105-06, 557 P3d 556 (2024) (explaining that it is "proper" for a prosecutor explain "to the jury the state's view of the evidence and explain[] why the evidence should lead the jurors to conclude that the state has proved its case against defendant"); *State v. Slay*, 331 Or App 398, 403-04, 545 P3d 768, *rev den*, 372 Or 560 (2024) (recognizing that it is proper for attorneys to craft arguments that are "grounded in the evidence in the record").

Indeed, the prosecutor did precisely what is expected of an advocate: persuade the jury that it should believe the state's theory of the case by responding to defendant's theory of the case with argument derived from the evidence in the record. *State v. Purrier*, 265 Or App 618, 621, 336

P3d 574 (2014) (explaining that "the state permissibly may attempt to persuade the jury that it should believe one version of events and not another"). *See State v. Worsham*, 373 Or 739, 744, ___, P3d ___ (2025) (recognizing that during closing argument an attorney "may reasonably employ time-worn techniques of persuasion and rhetoric" to argue their case)*; Perez*, 373 Or at 617 (Bushong, J., concurring) (observing that "it is always appropriate for a prosecutor to argue from the evidence that the state has met its burden, and to explain why"); *Cler v. Providence Health System-Oregon*, 349 Or 481, 487, 245 P3d 642 (2010) (explaining that "in presenting closing arguments to the jury, counsel have a large degree of freedom to comment on the evidence submitted and urge the jury to draw any all legitimate inferences from that evidence" (internal quotation marks omitted)). Although prosecutors must be careful to avoid any suggestion that defendant bears a burden of production, they may comment on what evidence is and is not in the evidentiary record to support their theory of the case. Because the prosecutor's comments were not obviously improper, any error is not plain.

Affirmed.