No. 167 February 25, 2026 525

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS CLARK BELL,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR51894; A183931

Chanpone P. Sinlapasai, Judge.

Submitted February 5, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a conviction of fourth-degree assault, raising three assignments of error. In his first assignment of error, defendant contends that the trial court erred by instructing the jury that it could convict him of fourth-degree assault if he was criminally negligent—rather than reckless—as to the resultant injury. In his second and third assignments of error, defendant argues that the trial court plainly erred by failing to declare a mistrial due to the prosecutor's closing arguments. Because defendant's first assignment of error is unpreserved and the prosecutor's comments addressed in his second and third assignments of error were not improper, we affirm.

*First Assignment of Error.* Defendant's argument that the injury element of fourth-degree assault carries a mental state of recklessness is not preserved. *See State v. Owen*, 369 Or 288, 321, 505 P3d 953 (2022) (rejecting argument that the same mental state applies to the injury and conduct elements of knowing assault). Below, defendant argued only that *State v. Owen* was wrongly decided because the injury element should not carry its own mental state at all; rather, a single mental state should apply to the crime. The court allowed the instruction over defendant's objection "based on the current case law at this time." Therefore, defendant's argument on appeal—that the injury element carries its own mental state and that mental state should be recklessness—is not preserved. *See State v. Skotland*, 372 Or 319, 329, 549 P3d 534 (2024) (gauging if an issue is preserved by if the trial court would "be taken aback to find itself reversed *on this issue, for this reason*?") (emphasis in original). Defendant does not request plain error review, and, therefore, we do not address it. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so ∗∗∗.").

*Second and Third Assignments of Error.* In defendant's second and third assignments of error, he contends that the court erred by failing to grant a mistrial based on the prosecutor's closing arguments. Defendant concedes

that he did not object below and requests plain error review. For a prosecutor's statements in closing to rise to the level of plain error, the statements must be "so prejudicial that they deprived the defendant of a fair trial." *State v. Chitwood*, 370 Or 305, 314, 518 P3d 903 (2022).

In this case, defendant challenges two of the prosecutor's arguments. First, during closing argument, the prosecutor described conflicting testimony given by the victim and defendant, arguing that defendant's account was not credible. Second, during rebuttal, the prosecutor asked the jury to first consider the state's case to determine if it had met its burden, and then to consider the reasonableness of defendant's testimony where it contradicted the state's account. Defendant contends that those statements amounted to improper burden shifting and were so prejudicial as to be incurable. We disagree.

Where there are conflicting accounts of events, as seen in the victim's and defendant's testimony in this case, "the state permissibly may attempt to persuade the jury that it should believe one version of events and not another," without mischaracterizing the burden of proof. *State v. Purrier*, 265 Or App 618, 620-21, 336 P3d 574 (2014). Further, it is not improper for a prosecutor to point out inconsistencies in the evidence, including defendant's testimony, to argue that a factfinder should doubt defendant's credibility. *See State v. Slay*, 331 Or App 398, 404, 545 P3d 768, *rev den*, 372 Or 560 (2024) (prosecutor pointing out inconsistencies in the evidence and defendant's testimony was "exactly what a prosecutor is supposed to do"). Because the statements adhered to those principles, they were not obviously improper, and we affirm.

Affirmed.