412 April 8, 2026 No. 290

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NEHIMIAS JOSHUA HERNANDEZ-CORONADO,
*Defendant-Appellant.*

Lane County Circuit Court
21CR19663; A179391

Charles M. Zennaché, Judge.

Argued and submitted July 16, 2024.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for two counts of first-degree rape, two counts of first-degree sodomy, two counts of first-degree unlawful sexual penetration, and two counts of strangulation constituting domestic violence. Defendant raises three assignments of error. First, defendant argues that the trial court erred in denying his pretrial motion for election, contending that he was deprived of notice sufficient to prepare a defense because discovery included more alleged sexual assaults than were charged. Second, defendant argues that the prosecutor's remarks during closing and rebuttal argument deprived him of a fair trial and thus constituted plain error under *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022). Third, defendant argues that the trial court erred in imposing a 300-month prison sentence under ORS 137.690 because that sentence was unconstitutionally disproportionate.

We conclude that (1) the trial court did not abuse its discretion in denying defendant's motion for an election; (2) the prosecutor's statements did not constitute plain error under the framework set forth in *Chitwood*; and (3) defendant's sentence does not violate his rights under the state constitution.

We begin with a brief summary of the facts and procedural history for context and discuss additional facts and procedural history as relevant to each assignment of error. Defendant and M, who are both from Guatemala, met in Oregon and began dating in May 2020. M became pregnant in December 2020, and at a medical checkup in March 2021 M told her doctor that defendant had been sexually and physically assaulting her. M's doctor advised her to report the assaults to the police, which M did. Based on the conduct described in that report, as well as additional evidence obtained in the subsequent investigation, the state charged defendant with multiple counts of sexual offenses and strangulation.

At trial, M testified that defendant sexually assaulted her multiple times between December 2020 and March 2021. Defendant testified that the relationship with

M was entirely consensual. He further testified that M had threatened to put him in jail or get him in trouble with immigration if he did not move in with her. A jury found defendant guilty of all charges.

## PRETRIAL ELECTION

On the first day of trial, defendant made an oral motion "to request the State elect its basis of criminal liability pursuant to the Sixth Amendment of the [United States] constitution, Article I, section 11, of the Oregon constitution, and ORS 132.550(7)."[1] Defendant noted that "counts one through four are one subset alleged to have occurred over a timeframe," and "counts five through eight are the same charges on a different date" and that he "fully expect[ed] that [M's] testimony" would include "more than [the] two dates as set forth in the indictment."[2] Defendant argued that the state "must be required to elect in a timely manner" because without an election defendant would be "prevented from properly making his defense," including "making other appropriate motions and offering any additional relevant evidence."

The state argued that defendant was entitled to election "after the close of evidence" because there was a possibility that M would testify about "more [incidents] than what's charged." *See State v. Payne (A163092)*, 298 Or App 411, 421, 447 P3d 515 (2019) (explaining that when the indictment charges a single violation of a crime but the evidence permits the jury to find multiple, separate occurrences of that crime, a defendant is entitled to an "end-of-trial election" to

___

[1] The Sixth Amendment provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to *** be informed of the nature and cause of the accusation." Article I, section 11, of the Oregon Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall have the right to *** demand the nature and cause of the accusation against him, and to have a copy thereof." ORS 132.550(7) requires an indictment to contain a "statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

[2] The indictment charged defendant with two counts each of first-degree rape (Counts 1 and 5); first-degree sodomy (Counts 2 and 6); first-degree unlawful sexual penetration (Counts 3 and 7); and felony strangulation constituting domestic violence (Counts 4 and 8). The indictment used the language of the statutes and alleged that each count occurred "on or between January 1, 2021, and April 13, 2021."

"ensure that the jury * * * concurs on the same occurrence in reaching a verdict on a single count of a charged crime"). The trial court agreed that "if the state's witness testifies about multiple events that might constitute the crime," defendant was entitled to require the state to elect, but that the state was not required to elect "at this time because we don't know what the witnesses are going to testify about." The trial court denied the motion and told defendant that he would "have leave to make [a] motion [to elect]" at the conclusion of the state's case in chief. Defendant indicated that he would "do so at that time."

On appeal, defendant challenges the trial court's denial of his motion, renewing his argument that the state was required to elect on the first day of trial "to permit defendant to prepare to defend against the specific crimes for which he was on trial." We review the trial court's ruling regarding the timing of the election for abuse of discretion, *State v. Bravo-Chavez*, 343 Or App 326, 335, 578 P3d 725, *rev den*, 374 Or 437 (2025), and conclude that the trial court did not abuse its discretion in denying defendant's motion for election made on the first day of trial.

As we explained in *Bravo-Chavez*, a defendant has a "right to notice of the charges against him sufficient to prepare and present his defense." *Id*. at 338 (internal quotation marks omitted). To enforce that right, a defendant may file a motion for pretrial election "to obtain notice of the factual occurrence that is the basis for a charge." *Id*. at 336. An election must "afford the defendant sufficient time, after the choice has been made, to defend himself properly." *Id*. at 339 (internal quotation marks omitted). Courts "should compel an election when it appears that, if the application is denied, the defendant will be * * * prevented from properly making his defense." *Id*. (internal quotation marks omitted).

Defendant argues that, because the state "was prepared to (and did) present evidence of sexual contact multiple times over the several-month duration of a relationship, but only charged two counts of each crime associated with those contacts," a pretrial election was required to permit defendant to prepare his defense. We disagree that the trial court was required to grant a motion for pretrial election

on the first day of trial. To be sure, in circumstances where discovery reveals "more criminal acts than were charged in the indictment" and provides "no clear way for [a] defendant to investigate which occurrences the state would rely upon at trial," denying a defendant's motion for pretrial election would likely violate their "right to notice of the charges against him sufficient to prepare and present his defense." *Id*. at 338 (internal quotation marks omitted).

But when a defendant makes a motion for pretrial election on the first day of trial—as defendant did here—it is generally within the trial court's discretion to deny that motion because the timing of the motion defeats the purpose of the election. A motion for a pretrial election exists to give the defendant "notice of the specific criminal acts that the state would prosecute at trial, *in time for defendant[s] to* tailor [their] defense to those specific incidents." *Id*. at 339 (internal quotation marks omitted; brackets in original; emphasis added); *see also State v. Antoine*, 269 Or App 66, 79 n 8, 344 P3d 69, *rev den*, 357 Or 324 (2015) (explaining that "elucidation of the state's precise theory at trial does not cure the problem of a lack of pre-trial notice, given that such notice is essential to pre-trial investigation, trial preparation, and litigation of evidentiary issues"). Thus, we conclude that the trial court did not abuse its discretion in denying defendant's pretrial motion for election made on the first day of trial.[3]

## PROSECUTOR'S STATEMENTS

In defendant's second assignment of error, he argues that the prosecutor made improper statements in closing argument that were so prejudicial as to have required a mistrial. Defendant did not object to the statements when they were made, so he requests plain-error review. As explained below, we conclude that the statements did not meet the standard for plain-error review.

---

[3] We do not foreclose the possibility that in another case a defendant could demonstrate that a trial court abused its discretion in denying a motion for pretrial election made on the first day of trial, if the defendant demonstrated specific circumstances that made the motion necessary to present his defense. Here, however, defendant's defense was that the sexual relationship was a consensual one; he did not deny that he engaged in sexual conduct with M. As a result, it is not clear from the record or defendant's arguments how the court's denial of his day-of-trial motion prevented him from preparing and presenting a defense to the charges.

Under *Chitwood*, 370 Or at 312, a prosecutor's statements rise to the level of plain error when it is "beyond dispute" that they "were so prejudicial as to have denied defendant a fair trial." (Internal quotation marks omitted.) To meet that standard, the statements must have been both obviously improper and incurable. *State v. Perez*, 373 Or 591, 606, 568 P3d 940 (2025).

Here, defendant challenges statements that the prosecutor made during closing argument and rebuttal. During closing argument, the prosecutor walked the jury through the factors it may consider in evaluating whether a witness's testimony is credible, including whether or not there is credible contradictory evidence. The prosecutor argued that:

> "nothing on this record *** contradicts [M's testimony] except for the testimony of the defendant, and that's where you need to decide do you find that testimony to be more probably true than hers? If you do, then I'd suggest you do have a reasonable doubt about whether these things happened, but if you don't find his testimony to be more probably true, then her testimony has gone uncontradicted."

Then in rebuttal, the prosecutor argued that "there is nothing about the fact the police didn't collect [evidence such as medical records] that refutes what [M] has to say" and told the jury that "if you believe what [M] presented to you through her sworn testimony, that is enough if you're convinced that it's good information."

In defendant's view, those statements were improper because they mischaracterized the prosecution's burden and standard of proof by telling the jury to weigh whether M's testimony was "more probably true" than defendant's and then convict or acquit on that basis. *See State v. Purrier*, 265 Or App 618, 621, 336 P3d 574 (2014) (explaining that it is impermissible for a prosecutor to "describ[e] the jury's task as choosing which of two versions of events the jury finds more believable [if that] description *** omits the possibility, among others, that the jury would find the state's version more plausible, yet not be convinced beyond a reasonable doubt of [the] defendant's guilt"). We disagree with defendant's argument.

When viewed in context, where the focus of the prosecutor's argument was the credibility of M's testimony, the statements were a permissible "attempt to persuade the jury that it should believe one version of events and not another." *Id*. at 620. And even if defendant's interpretation of the statements—that they improperly mischaracterized the prosecutor's burden and standard of proof—was plausible, in a plain-error context a statement was not *obviously* improper if it was susceptible to more than one interpretation, at least one of which was permissible. *Perez*, 373 Or at 607.

Defendant also challenges the prosecutor's statement made in rebuttal that "even if you think it would have been great had the police done more, that's not [M's] fault. That's not her fault." Defendant contends that those statements improperly injected an emotional element into the jury's deliberations and encouraged the jury to decide the case on an improper basis. In our view, even if those statements were improper, they were not so egregious that, "as a practical matter, an instruction [could not] remedy the prejudice." *Cf. State v. Cox*, 272 Or App 390, 409-10, 359 P3d 257 (2015) (a mistrial was necessary where the prosecutor referenced "inflammatory facts not in evidence" regarding the defendant being a drug dealer and beating the complainant's mother). Thus, defendant has not established that the prosecutor's statements constituted plain error.

## SENTENCING

The trial court sentenced defendant to a 300-month mandatory prison term pursuant to ORS 137.690, which requires any person who is convicted of a major felony sex crime, who has one (or more) previous conviction of a major felony sex crime (including a conviction in the same sentencing proceeding if the conviction is for a separate criminal episode), to be imprisoned for a mandatory minimum term of 300 months. At sentencing, defendant argued that imposing that sentence would be unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution, which provides, in part, that "[a]ll penalties shall be proportioned to the nature of the offense." Defendant argued that the sentence would be disproportionate based on his

lack of criminal history and the severity of the penalty relative to the gravity of the crime. *See State v. Rodriguez/Buck*, 347 Or 46, 58-59, 217 P3d 659 (2009) (outlining three factors that bear upon whether a sentence is disproportionate under the state constitution: (1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the defendant's criminal history).

The trial court rejected that argument because, notwithstanding defendant's lack of criminal history, the crimes and facts of the case were "amongst the most violent sexual assaults that [it had] ever seen" and appeared to "be blatant callousness." In defendant's third assignment of error, he challenges that sentence, renewing his argument that the sentence was unconstitutionally disproportionate under Article I, section 16.[4]

We review for legal error, *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017), and conclude that, based on the facts of this case and considering the *Rodriguez/Buck* factors, this is not one of those "rare circumstances" in which defendant's sentence is unconstitutionally disproportionate. *See State v. Horseman*, 294 Or App 398, 408, 432 P3d 258 (2018), *rev den*, 364 Or 723 (2019) (explaining that a sentence is disproportionate only if it "shock[s] the moral sense of all reasonable people" and that "judicial review of the constitutionality of penalties will only in rare circumstances result in a holding of unconstitutional disproportionality" (internal quotation marks omitted)).

Affirmed.

---

[4] Defendant also argues that the sentence was unconstitutional under the Eighth Amendment to the United States Constitution. Although defendant cited the Eighth Amendment in his arguments before the trial court, he did not present any argument related to that provision. Accordingly, his Eighth Amendment argument is unpreserved, and we do not address it. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal.").